ELAINE NIRENBERG GOODMAN, Appellant, v.
RUBIN B. GOODMAN, Respondent.

No. 3669

October 10, 1951.                    236 P.2d 305.

*Springmeyer & Thompson,* of Reno, for Appellant.

*Samuel Platt,* of Reno, for Respondent.

## OPINION

By the Court, MERRILL, J.:

This is an appeal from order of the trial court denying a motion for modification of a divorce decree to provide increased support for the minor child of the parties. The question before us is whether this action by the court constituted abuse of judicial discretion.

On June 24, 1948 a decree of divorce was granted to appellant, which decree granted her custody of the minor child of the parties, a boy six years of age. The decree approved an agreement between the parties under the terms of which respondent agreed to pay to appellant the sum of $25 each week for the support, maintenance and education of the child.

On November 7, 1950 appellant filed notice of motion to modify said decree by increasing the amount to be so paid from $25 a week to $100 a week. The motion, generally, was made upon the grounds that the sum of $25 a week was insufficient for the purposes; that respondent was well able to pay the amount sought; that the financial circumstances surrounding the child had changed for the worse and those of the respondent

had improved. On November 30, 1950 the motion was presented and was denied by the trial court. This appeal was then duly taken.

The court in so acting did so in exercise of discretionary powers conferred upon it by statute. Accordingly, upon this review our concern is not whether error of law in the ordinary sense was committed by the trial court, but whether its action constituted abuse of discretion.

The action of the trial court with which we are here concerned, was taken pursuant to the provisions of sec. 9462, N.C.L.1929, Supp. 1943–1949, which states: "The court, in granting a divorce, shall make such disposition of, and provision for, the children, as shall appear most expedient under all the circumstances, and most for the present comfort and future well-being of such children; * * * the court may, during the pendency of the action, or at the final hearing or at any time thereafter during the minority of any of the children of the marriage, make such order for the custody, care, education, maintenance, and support of such minor children as may seem necessary or proper, and may at any time modify or vacate the same."

The position of appellant is that (aside from the question of changed circumstances) the motion to modify the decree presented to the trial court one question of fact: What is a proper sum to require the father to contribute for the support of his child under existing conditions? (Which question includes the two subordinate questions: (1) What does the child reasonably require to maintain his standard of living? and (2) What can the father reasonably afford to pay?)

Evidence before the trial court was confined to affidavits. The facts so established need not be discussed in detail for the purposes of this decision. It may be conceded that the evidence established that the sum of $25 a week was insufficient to maintain the child in the manner which both parties apparently were agreed he

should enjoy; that the father was able to make payments for support of the child in excess of this sum and that some pertinent change of circumstances was shown both as to the child and as to the father.

Appellant contends, under these circumstances, that the modification of the decree was no longer a matter of discretion but a matter of right in the child; that the court had no discretion but to grant the motion in an appropriate amount.

A consideration of the nature of judicial discretion is, we feel, essential to a proper determination of the matter. Few legal terms are subject to a wider diversification of definition and construction.

Bouvier has defined "discretion" in part as: "That part of the judicial function which decides questions arising in the trial of a cause, according to the particular circumstances of each case, and as to which the judgment of the court is uncontrolled by fixed rules of law. The power exercised by courts to determine questions to which no strict rule of law is applicable but which, from their nature, and the circumstances of the case, are controlled by the personal judgment of the court."

Dean Pound in his "Readings On The History And System Of The Common Law" (page 19) deals with the subject in the following manner:

"Four propositions may be laid down with reference to the exercise of discretion: (1) Whether or not a matter is one for law or for discretion is settled by law, and the court has no power to put it in the one category or the other at pleasure. A court has no discretion to apply the law or not as it sees fit. (2) Where discretion is conferred, it must really be exercised as such; the court cannot act oppressively or arbitrarily under pretence of exercising discretion. Such arbitrary or oppressive action under color of exercising discretion is called abuse of discretion. (3) If discretion reposed in a court or judge is in fact exercised as such, the manner

of its exercise will not be reviewed. (4) But if the discretion is abused, the abuse may be reviewed and corrected by a higher tribunal."

Mr. Chief Justice Marshall in Osborn v. Bank of the United States, 9 Wheat. 738, 866, 22 U.S. 738, 6 L.Ed. 204, 234, has stated: "Judicial power, as contradistinguished from the power of the laws, has no existence. Courts are the mere instruments of the law, and can will nothing. When they are said to exercise a discretion, it is a mere legal discretion, a discretion to be exercised in discerning the course prescribed by law; and, when that is discerned, it is the duty of the court to follow it. Judicial power is never exercised for the purpose of giving effect to the will of the judge; always for the purpose of giving effect to the will of the legislature; or, in other words, to the will of the law."

Thus, where the legislature has spoken with imperfect clarity or has failed to speak at all, it is still the function of the court not to "will" the law, but to discern it: to discern the legislative intent or, with the aid of analogy in the absence of legislative expression, to discern the course of justice; thus, to discern "the law" and relieve it of its obscurity. Clearly, then, in discretionary matters the court's exercise of discretion may not be arbitrary or capricious. Such an exercise might well constitute a "willing" of the law rather than a discernment of it. It might well become, as Lord Camden has characterized it, "the law of tyrants."

While Mr. Chief Justice Marshall in his use of the word "law" has attached to it an all-inclusive meaning, Dean Pound's use of the word is in a different and far less comprehensive sense. In using the word to characterize a category of determination distinct from that of "discretion," he undoubtedly has reference to fixed and established legal principles which the court in its process of discernment is bound to follow.

As was said in Norris v. Clinkscales, 47 S.C. 488; 25 S.E. 797, 801: "The term 'discretion' implies the

absence of a hard and fast rule. The establishment of a clearly-defined rule would be the end of discretion. And yet 'discretion' should not be a word for arbitrary will or unstable caprice. Nor should judicial discretion be, as Lord Coke pronounced it, 'a crooked cord,' but rather, as Lord Mansfield defined it, the 'exercising the best of their judgment upon the occasion that calls for it,' adding that 'if this discretion be willfully abused * * * it ought to be under the control of this court.' Rex v. Young, 1 Burrows, 560.''

Yet even within the area of discretion where the court's discernment is not to be bound by hard and fast rules, its exercise of discretion in the process of discernment may be *guided* by such applicable legal principles as may have become recognized as proper in determining the course of justice. A clear ignoring by the court of such established guides, without apparent justification, may constitute abuse of discretion.

In Norris v. Clinkscales, supra, the court continues: "The courts and text writers all concur that by 'judicial discretion' is meant sound discretion guided by fixed legal principles. It must not be arbitrary nor capricious, but must be regulated upon legal grounds,—grounds that will make it judicial. It must be compelled by conscience, and not by humor. So that when a judge properly exercises his judicial discretion he will decide and act according to the rules of equity, and so as to advance the ends of justice."

Under our statute as we have quoted it, the legislature in effect has stated that a child's right to support is to be established not by law (in Dean Pound's sense of that word) but by discretion; that the welfare of the minor child demands that a hard and fast rule is not to constitute the basis for action, but that such basis is rather to be the reason and conscience of the trial judge.

It cannot be denied that the determinations which appellant contends must form the basis for decision are material and, indeed, essential. This does not mean, however, that they are themselves to constitute the

basis for action and, as such, are to supersede the discretion which the legislature has conferred upon the trial judge. This would transform that judicial discretion into a fact-finding duty which could as well be performed by a jury. Rather, these determinations should be regarded as guides for the exercise of discretion under the circumstances of each particular case. Should it become apparent that the trial court had willfully and deliberately disregarded these matters, it might be said that it had acted oppressively and arbitrarily under pretense of discretion and had thereby been guilty of abuse. In our view this cannot here be said.

The evidence shows that in addition to making the payments required by court decree, respondent had voluntarily paid something in excess of $2,000 each year for the support, maintenance and education of his son. Appellant contends that these facts are beyond the proper scope of court consideration (save as demonstrating the financial abilities of respondent) ; that the duty of the court is to establish *by its decree* the extent of the father's obligation and of the child's right to support. The trial court, in denying the motion of appellant, clearly appears to have given consideration to the voluntary payments. In doing so, can it be said to have been guilty of a disregard of the essential determinations for which appellant contends? The question is as to the scope of the area within which the court's discretion may operate. Is it to be limited to those circumstances which apply to the suitability of the existing order as an isolated question in itself?

The court's statutory duty is to "make such * * * provision for the children as shall appear most expedient under all the circumstances," and "as may seem necessary or proper." In our view the language "all the circumstances" must be taken to mean all of the circumstances which may reasonably bear not only upon the suitability of the present order (as an isolated question

in itself), but upon the necessity for or propriety of modification as well. In the light of this interpretation, we cannot agree that consideration of the matter of the voluntary payments was improper.

Appellant argues that consideration of the welfare of the child demands that his rights be established by decree and that he be not left to depend upon continued generosity of the father. The point is indeed a strong and appealing one. However, to accept that an area of discretion exists, is to recognize that within that area there may be conscientious disagreement as to the best manner of its exercise. For example, the trial judge may have felt that the child might well, under the facts of this particular case, benefit more from a continuation of the voluntary basis than through an increased allowance; that in the event of such an increase, the father, regardless of generous impulsions, might feel that he could not exceed it without endangering his position in the event of further applications for increase.

However, without further entering the realm of speculation, which in any consideration of discretionary action is difficult to avoid, we can with reasonable certainty state the apparent determination of the trial court: that the child was not suffering from present inadequacies of the decree; that modification was not necessary; that present conditions did not render a failure to modify improper. In our view, under all of the circumstances of the case, including those of the voluntary payments, such a determination cannot be held to constitute abuse of discretion.

The order of the trial court is affirmed. Each party shall bear his own costs upon this appeal.

BADT, C. J., and EATHER, J., concur.