MARY ANN McINNIS, Appellant, v. WILLIAM
B. McINNIS, Respondent.

No. 9911

August 9, 1978                                    582 P.2d 802

[Rehearing denied September 14, 1978]

*George Rudiak, Chartered,* Las Vegas, for Appellant.

*John Peter Lee* and *Richard McKnight,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from a post-judgment order denying Appellant's motion to increase her child support payments.

Appellant Mary McInnis and Respondent William McInnis were divorced after eight years of marriage. Appellant was awarded custody of the couple's two children, then three and six, and was awarded $150.00 per month for their support. Payment of child support was to be made directly by Respondent until September, 1976, with payments thereafter to be "deemed made" from the proceeds of the couple's interest in a promissory note, payable at $330.00 per month until August, 1982. Thereafter Respondent was to resume direct payments.

The couple's interest in the note had been adjudged to be community property by the divorce decree. There was no appeal taken from that judgment.

One year later Appellant filed the instant motion to modify the judgment and decree of divorce, asking that child support be increased to $160.00 per month per child, and later that it be increased to $325.00 per month per child when the payments on the note ceased. Appellant also requested reasonable attorney's fees. The trial court denied the motion "in all respects".

Appellant has appealed this post-judgment order, contending that the trial court abused its discretion in refusing to grant an increase in the child support payments and in refusing to award attorney's fees and costs of suit.

### The Issues

1. The jurisdiction of the trial court to act upon Appellant's motion to modify the decree of divorce with respect to child support is conferred by NRS 125.140(2). Cavell v. Cavell, 90 Nev. 334, 526 P.2d 330 (1974). The issue presented on appeal of the denial of such a motion is whether the lower court abused the discretion conferred upon it by the statute. Edwards v. Edwards, 82 Nev. 392, 419 P.2d 637 (1966).

In Goodman v. Goodman, 68 Nev. 484, 236 P.2d 305 (1951), this court indicated that the sufficiency of the original award, the ability of the father to make additional payments, and a showing of some pertinent change of circumstances as to the child and as to the father may be appropriate "guides for the exercise of [the court's] discretion under the circumstances of each particular case", 68 Nev. at 490.

In this case Appellant has not demonstrated that the court "willfully and deliberately disregarded these matters", Goodman v. Goodman, 68 Nev. at 490, and, therefore, the order of the trial court refusing to modify the judgment with respect to child support must be upheld.

Appellant's salary income, although considerably less than Respondent's, had almost doubled from the time of the original award to the time of her motion, and had apparently increased significantly again by the time of the hearing thereon. The estimate of expenses which she submitted in support of her motion to modify was actually less than the estimate she submitted at the time of the divorce. The sole evidence of Respondent's income in the record before this court shows that his income decreased from 1974 to 1975. Appellant's contention that Respondent's income showed a "substantial" increase in 1976 is not supported by evidence *in this record,* and, therefore, may not be considered. Fenkell v. Fenkell, 86

Nev. 397, 469 P.2d 701 (1970). In these circumstances, the trial court was justified in refusing to modify the original award by increasing the amount of child support.

2. Appellant argues that the trial court improperly relieved respondent-father of his obligation to support his minor children when the court ordered the payments made from the note proceeds. Appellant's argument misses the mark. The original judgment did not purport to relieve Respondent of any obligation for the support of his minor children; it merely specified a method of payment during the period until the promissory note is paid.

A trial court is directed by statute to "make such order for the custody, care, education, maintenance and support of [the] minor children as may seem necessary and proper". NRS 125.140(2). The legislature has further provided that community property may be burdened (NRS 125.150(1)) or the separate property of either spouse set aside (NRS 125.150(3)) for the benefit of the children of the marriage. Furthermore, the allocation of the couple's entire community property interest in the promissory note to Appellant, with the provision that Respondent's child support payments be deemed made from its proceeds after the first year, was made pursuant to NRS 125.150(1), which directs the court, in its disposition of community property, to take into account "the burdens, if any, imposed upon it, for the benefit of the children". Appellant did not choose to appeal the court's original judgment. She may not now argue that, since the legal title to the couple's interest in the note was awarded her by that judgment, Respondent should be viewed as making no contribution to the support of his children.

3. Appellant's contention that she is forced to support the children through her "savings" (i.e., the principal payments on the promissory note) is merely the converse of the argument above and fails to take into account the conditional nature of the allocation of Appellant's interest in the note.

We conclude, therefore, that the order denying Appellant's motion to modify the judgment and decree of divorce by increasing the child support payments must be affirmed.

Appellant also sought counsel fees totalling $3,450.00 and $376.67 costs, which the court refused. Counsel for Appellant admitted that at least one-third of the requested fees and costs were related to matters that preceded the filing of the instant motion. We believe that under the circumstances presented, the trial court's order of denial should not be disturbed on appeal. Therefore, we affirm.