ALICE HARRIS, Appellant, *v.* MELVIN HARRIS, Jr., Respondent.

No. 9957

March 15, 1979            591 P.2d 1147

*Joseph H. Williams,* Las Vegas, for Appellant.

*George E. Franklin,* Las Vegas, for Respondent.

## OPINION

By the Court, Manoukian, J.:

This is an appeal from a post-judgment determination that the minor child, Ahmad Jamale Harris, previously adjudged to be the issue of the marriage of appellant and respondent, is not respondent's child, and setting aside all prior orders respecting the support, care, custody and control of the child.

Appellant and respondent were divorced in 1975. During the pendency of the original divorce proceedings, respondent denied that he was the father of appellant's child. Blood tests revealed only that respondent was not excluded as being the natural father of the child. Respondent was adjudged the natural father of Ahmad Jamale, and he was ordered to pay monthly child support in the sum of seventy-five dollars, and to provide medical and dental care during the child's minority subject to reasonable visitation rights. No appeal was taken from the judgment.

Approximately one year later respondent filed a motion to modify the decree requesting a reduction in child support. That motion was denied. Two years subsequent to the entry of the decree, respondent moved the district court to modify its decree on the ground that Ahmad Jamale is not his natural child. Over appellant's objections that the paternity issue is *res judicata*,[1] the district court granted the motion and ordered:

---

[1]Precisely stated, appellant's contention is that respondent was precluded from relitigating the paternity issue by the principle of collateral estoppel. That doctrine is as follows:

> An issue essential to the judgment rendered, which was actually litigated and determined by a court having jurisdiction of subject matter and over the person of the parties, may not be re-litigated by the same parties or those in privity with them.

See Clark v. Clark, 80 Nev. 52, 389 P.2d 69 (1964).

That Ahmad Jamale Harris is not the child of Plaintiff Melvin Harris, Jr.; and

That any prior orders with reference to the support, care, custody and control of said Ahmad Jamale Harris are hereby set aside and held for naught.

It is from this order that Alice Harris has appealed.

Respondent relies upon NRS 125.140(2) which gives the trial court authority to revise or modify judgments of divorce concerning the custody, care, education, maintenance and support of the minor children. Respondent asserts that the trial court's determination was made within statutory limits. Appellant contends that the district court was without authority to modify the divorce decree, claiming that the doctrine of *res judicata* barred such action. We are constrained to agree with appellant's contention.

■■■■■ ■

While it is true that our district courts retain jurisdiction to modify or vacate child support and custody awards, NRS 125.140(2);[2] Edwards v. Edwards, 82 Nev. 392, 419 P.2d 637 (1966), the language of the statute is clear that the purpose of this continuing jurisdiction is to enable the court to modify custody and child support provisions to meet changing circumstances which occur after the entry of the decree. The statute presumes that the children referred to are the children of the parties. It is on the basis of a material change in conditions from those existing at the time of the original order that modifications are made. McInnis v. McInnis, 94 Nev. 532, 582 P.2d 802 (1978); Goodman v. Goodman, 68 Nev. 484, 236 P.2d 305 (1951). The statutory purposes being plain, NRS 125.140(2) may not be used as a vehicle for an attack upon the status of the parties to the action.

In the instant case, the modification of the original child support award is not based on any change in conditions. In essence, respondent sought to relitigate an issue adjudicated in

---

[2]NRS 125.140(2) provides:

> In actions for divorce the court may, during the pendency of the action or at the final hearing or at any time thereafter during the minority of any of the children of the marriage, make such order for the custody, care, education, maintenance and support of such minor children as may seem necessary or proper, *and may at any time modify or vacate* the same, even if the divorce was obtained by default without an appearance in the action by one of the parties. The party seeking such order shall submit to the jurisdiction of the court for the purposes of this subsection. The court may make such an order upon the application of one of the parties or the legal guardian of the minor. (Emphasis added.)

the original proceedings, namely, the paternity of the minor child.

It is generally held that an adjudication incident to a divorce decree concerning the paternity of a child is *res judicata* as to the husband or wife in any subsequent proceeding. For a collection of cases on the subject, see *Annot.,* 78 ALR3d 846 (1977). Here the paternity issue was pleaded, litigated, and determined in the district court at the original proceedings in 1975. The issue was not novel to these proceedings. Respondent was provided the opportunity at that time to present his evidence, and the decision was against him. He did not appeal the paternity order. His action in subsequently moving for a reduction in child support constituted more of an acquiescence in rather than disavowment of parenthood. We hold that as between the parties a divorce decree establishing the paternity of a child is a final determination which precludes relitigation of the question of paternity. That being the case, we conclude that the district court erred in readjudicating the issue.

The order is reversed.

MOWBRAY, C. J., and THOMPSON, GUNDERSON, and BATJER, JJ., concur.