JOSEPH F. LIBRO, Appellant, v. ELEANOR M. WALLS, formerly known as ELEANOR M. LIBRO, Respondent.

No. 17069

December 10, 1987      746 P.2d 632

*C. B. Tapscott* and *Charlotte Hunter Arley,* Reno, for Appellant.

*Jack Grellman,* Reno, for Respondent.

## OPINION

*Per Curiam:*

Respondent Eleanor Walls made a motion to reduce child support arrearages to judgment. Appellant Joseph Libro countered with evidence he was not the child's father. The district court determined that non-paternity was no defense to a motion seeking enforcement of a divorce decree.

Joseph and Eleanor married in 1967. Eleanor bore a child in 1976. In 1979, Eleanor filed a complaint for divorce alleging the existence of a child of the marriage and praying for child support. Joseph had no reason to doubt the truth of the allegation. He filed an appearance and waiver consenting to entry of his default. The district court granted Eleanor the divorce, custody, and child support of $150.00 a month.

Joseph made child support payments for thirteen months. In 1980, he came to suspect he was not the child's father. Blood tests established it was impossible for Joseph who, like Eleanor, had Type O blood to have fathered the child who had Type A blood.

In 1985, Eleanor sought to reduce the child support arrearages to judgment. The district court ruled that Joseph could not raise non-paternity as a defense. We disagree.

Entry of judgment for support arrearages under NRS 125.180 is discretionary with the court. On motion, the court may enter

judgment for all or none of the delinquent payments. Reed v. Reed, 88 Nev. 329, 331, 497 P.2d 896, 897 (1972). In Folks v. Folks, 77 Nev. 45, 47, 359 P.2d 92, 93 (1961), we approved the district court's exercise of discretion not to enter judgment where the movant would not have been benefitted by an uncollectible judgment, but the obligor would have been greatly prejudiced in the eyes of his superiors in the military.

The issue is whether the district court abused its discretion by entering judgment on the arrearages. The facts in this case are simple. The divorce decree required Joseph to pay child support for a child that blood tests later established was not his. Joseph did not litigate the obligation at the time of the divorce because he did not suspect the child born to his wife was not his. Eleanor neither informed Joseph nor the court that he might not be the child's father. Lulled by ignorance of the true facts, Joseph consented to have a default entered against him and the court granted Eleanor's prayer for child support.

Under similar circumstances, we have held silence constituted fraudulent concealment. In Villalon v. Bowen, 70 Nev. 456, 273 P.2d 409 (1954), the decedent's "widow" received distribution of the entire estate after persuading the named executor to relinquish his rights and to allow her to be appointed administratrix. It was later discovered that her marriage to the decedent was invalid because a prior marriage had never been terminated. The court concluded the "widow's" failure to disclose the fact of her other marriage amounted to fraudulent concealment,

> Even in the absence of a fiduciary or confidential relationship and where the parties are dealing at arms length, an obligation to speak can arise from the existence of material facts peculiarly within the knowledge of the party to be charged and not within the fair and reasonable reach of the other party. Under such circumstances the general rule is that a deliberate failure to correct an apparent misapprehension or delusion may constitute fraud. This would appear to be particularly so where the false impression deliberately has been created by the party sought to be charged.

*Id.* at 467-468, 273 P.2d at 414-415.

The facts are more egregious in this case because the parties had a marital relationship. Eleanor had peculiar knowledge of the circumstances of the child's conception. This information was outside the reach of Joseph. Eleanor, in seeking to impose a child support obligation on Joseph, had a duty to disclose to him and to the court that he might not be the child's father.

Where the fraud is so successful the other party is not even

aware he has a claim or defense, it may be said he had no reasonable opportunity to present it. *Id.* at 471, 273 P.2d at 416. That which keeps one party away from court by conduct preventing a real trial on the issues is extrinsic fraud and forms a sufficient basis for equitable relief from the judgment. *Id.;* Savage v. Salzman, 88 Nev. 193, 195, 495 P.2d 367, 368 (1972); Colby v. Colby, 78 Nev. 150, 153-154, 369 P.2d 1019, 1021 (1962); Murphy v. Murphy, 65 Nev. 264, 271, 193 P.2d 850, 854 (1948).

Eleanor's omission prevented Joseph from having a fair opportunity to litigate paternity in the divorce proceedings. The divorce decree is thereby open to attack by an independent action in equity on the grounds of extrinsic fraud. Under these circumstances, we conclude the district court abused its discretion in directing entry of judgment for child support arrearages accrued under the decree.

Accordingly, we hereby reverse the judgment of the district court.[1]

---

[1]We note that Eleanor may be entitled to seek enforcement of her claim in an independent action. Folks v. Folks, *supra,* 77 Nev. at 48, 359 P.2d at 94. We do not venture to express any opinion on the merits of such an action. Nor do we decide whether an independent action in equity to set aside the divorce decree would be successful under all the facts of this case.