ROSE MARIE GUBLER PERRI, Appellant, v.
REGEN CLAY GUBLER, Respondent.

No. 19627

November 27, 1989                              782 P.2d 1312

*John & Elizabeth Foley,* Las Vegas, for Appellant.

*Stephen R. Minagil,* Las Vegas, for Respondent.

# OPINION

*Per Curiam:*

This is an appeal from an order modifying appellant's divorce decree and requiring her to pay child support to respondent. For the reasons set forth below, we reverse.

Appellant Rose Marie Gubler Perri (Rose) and respondent Regen Clay Gubler (Regen) were married in November 1975 and divorced pursuant to a decree entered May 21, 1983, in the Eighth Judicial District Court of Nevada. The decree provides in pertinent part:

> [T]here are three minor children the issue of said marriage
> . . . now in the care, custody and control of Defendant
> herein; that Defendant [Regen] is a fit and proper person to
> have the care, custody and control of said minor children
> and is qualified and able to support said children; the plain-
> tiff is not able to provide support for said children and
> Defendant is not only able but has agreed to provide for the
> total support and maintenance of said minor children; that
> Plaintiff requests and Defendant is agreeable to reasonable
> visitation. . . .

Despite the decree, visitation disputes abounded and led to the district court entering specific visitation orders in November 1983 and in July 1987. On March 23, 1988, Regen moved to modify the divorce decree, the specific visitation order of July 1987, and for child support. In his supporting affidavit of financial conditions, Regen claimed his monthly expenses exceeded his monthly income by approximately $510.00.

Rose opposed Regen's requested changes and filed a supporting affidavit in which she claims that Regen severely understated both his income and assets. Rose included a copy of a deed of sale to a parcel of real estate in Overton, Nevada, indicating a purchase by Regen on February 23, 1988, and which was not included in the list of assets in Regen's March 23, 1988 affidavit of financial conditions. Rose also submitted her own affidavit of financial conditions, indicating that Rose and her new husband's combined monthly income exceeds total monthly expenses by approximately $535.00.

Following a hearing, the district court entered an order on September 13, 1988, requiring Rose to pay $345.00 per month in child support pursuant to the guidelines set forth in NRS 125B.070. In this appeal Rose claims, *inter alia,* that Regen's false statements in his affidavit of financial conditions may have caused the district court to err. This contention has merit.

This court has previously held that the district court's authority to modify an award respecting custody or support must be based on changed circumstances which occur after entry of the original decree. Harris v. Harris, 95 Nev. 214, 216, 591 P.2d 1147, 1148 (1979). The divorce decree in the instant case reveals that, at the time the parties divorced, Regen was able and thus agreed to provide for the total support of the three minor children.

The record in this case reveals that Regen's affidavit of financial conditions was less than candid and did not fully apprise the district court of his financial abilities. Without accurate information the district court would be unable to conclude that Regen was no longer able to provide for the total support of the children. Thus, we cannot conclude that the district court had a valid basis for modifying the original support decree. Consequently, until such time as full and accurate information is forthcoming from Regen, the district court remains powerless to act upon his request for child support from Rose. Because we decide that Regen's deficient financial affidavit precluded a valid modification of the original support decree, we need not reach Rose's other contentions.

For the foregoing reasons, we reverse the order of the district court requiring Rose to pay child support and remand the case for further proceedings consistent with this opinion.