MARYANN SWAN, APPELLANT, *v.* RICHARD NEWTON SWAN, RESPONDENT.

No. 20286

August 1, 1990                                    796 P.2d 221

*Tingey & Burris* and *Algimantas J. Bruzas,* Las Vegas, for Appellant.

*Samuel S. Anter,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from an order of the district court denying appellant's motion to vacate the portion of a divorce decree that granted respondent custody of his children.

Appellant Maryann Swan (Maryann) and respondent Richard

Swan (Richard) married and lived in Utah until their separation in September 1986. In January 1987, Richard moved to Nevada, while Maryann stayed with the children in Utah. On September 28, 1987, Richard filed a complaint for divorce. On October 3, 1987, Richard removed the children from Utah and brought them to Nevada. Maryann was served with a summons and filed an answer in which she challenged the Nevada district court's subject matter jurisdiction. Maryann did not appear nor respond further in the divorce proceeding in Nevada. On November 12, 1987, the Nevada Court heard testimony that the children were residing with Richard and entered a divorce decree granting Richard custody of the children. On May 12, 1989, Maryann filed a motion to vacate the custody provisions in the divorce decree on the basis that the district court lacked subject matter jurisdiction pursuant to the Uniform Child Custody Jurisdiction Act. In the alternative, Maryann sought a modification of the custody award. The district court denied Maryann's motion to vacate the child custody award and remanded the question of whether the custody award should be modified to a domestic relations referee. On appeal, Maryann argues that the court erred when it denied her motion to vacate because it lacked subject matter jurisdiction to grant Richard custody of the parties' two children. We agree.

Nevada adopted the Uniform Child Custody Jurisdiction Act ("the Act") and incorporated it into NRS 125A.050 in 1979. The record below indicates that the district court ignored the terms and spirit of the Act itself and, furthermore, rendered a decision inconsistent with opinions of other states interpreting the Act in circumstances similar to those now before us.

There are three provisions under the act that are germane in the present case.[1] Of those three, none authorizes jurisdiction under these particular facts. First, NRS 125A.050(1)(a)(1) authorizes a

---

[1]NRS 125A.050(1)(c), which allows jurisdiction where the child has been abandoned or it is necessary in an emergency because the child has been, or threatened to be, mistreated, abused or neglected, does not apply here. Although the children were physically present in Nevada, they had not been abandoned. Nor was there any need for emergency protection of the children because the record does not support any claim that an emergency situation existed. The only evidence that is relevant to the protection and well-being of the children is the report by Dr. Norton A. Roitman which mentioned that Maryann used alcohol and marijuana. Although Roitman's report may be relevant in an evidentiary hearing to decide whether Maryann is a fit and proper person to be awarded the care and control of the children, it is not relevant for the purpose of determining whether the court properly exercised subject matter jurisdiction over the custody dispute.

Nevada court to assume jurisdiction over a custody dispute if Nevada is the home state of the child. "Home state" is defined in NRS 125A.040(5) as the state in which the child, immediately preceding the time involved, lived with his parents for at least six consecutive months. Swans' children lived in Nevada less than forty days prior to the commencement of the proceeding, a period far short of the six-month requirement. Accordingly, the court did not have subject matter jurisdiction to decide the custody award under the home-state requirement.

Nor did the district court have jurisdiction under NRS 125A.050(1)(b), which authorizes jurisdiction if:

> (b) It is in the best interest of the child that a court of this state assume jurisdiction because:
>
> (1) The child and his parents, or the child and at least one contestant, have a significant connection with this state; and
>
> (2) There is available in this state substantial evidence concerning the child's present or future care, protection, training and personal relationships.

Residing in Nevada for less that forty days can hardly constitute a significant connection. Also, there is no evidence that it would be in the children's best interest for the Nevada court to assume jurisdiction. To the contrary, the children were probably better off in Utah, the state where they were attending school and where they have close relations and family. Thus, the district court was not authorized to exercise its jurisdiction under the significant-connection provision of the Act.

The final provision of the Act germane to the facts here is NRS 125.1050(1)(d), which authorizes jurisdiction by a Nevada court if it appears that no other state would have jurisdiction consistent with provisions of the Act. In the instant case it could not have appeared to the lower court that no other state would have jurisdiction under the Act. Judge Leonard H. Russon of the Third Judicial District Court of Utah sent Judge Pavlikowski a letter informing him that, at the time the court entered a divorce decree, there was an action, on the same subject matter, pending in the Utah district court. Judge Russon further made Judge Pavlikowski aware of the jurisdictional aspect of the Uniform Child Custody Jurisdiction Act and asked him for a response with regard to the Swan matter. Moreover, Judge Russon's letter appears to have encouraged Judge Pavlikowski to transfer the

custody dispute to Utah. Therefore, based on Judge Russon's letter, it does not appear that the State of Utah declined jurisdiction. To the contrary, Judge Russon was interested in adjudicating this matter. Therefore, Judge Russon's letter negates any possibility that no other state would have jurisdiction over the matter.

Not only is the district court's decision inconsistent with a plain reading of the Act, it is also inconsistent with decisions in other states which have interpreted the Act. For example, the Minnesota Supreme Court addressed a similar situation in Re Marriage of Schmidt, 436 N.W.2d 99 (Minn. 1989). The court in *Schmidt* stated that the goals of the Uniform Child Custody Jurisdiction Act:

> are most likely to be achieved when a three-step approach is employed. First, the court must look to section three of the act to determine whether it, in fact, does have jurisdiction. If it determines it does, its inquiry next focuses on whether another custody proceeding is pending in a court of another state which likewise has jurisdiction pursuant to the provisions of section three of the Act. Finally, if dual jurisdiction exists, the inconvenient forum issue must be addressed.

*Id.* at 104 (citation omitted).

The reasoning of *Schimdt* is sound. In applying the *Schimdt* holding to the present case, it appears that even if the court had correctly determined that Nevada had subject matter jurisdiction at the time it granted Richard custody over the two minor children, it should have proceeded to inquire whether Nevada is an inconvenient forum. Such an inquiry would have revealed that Maryann is indigent, as evidenced by her assistance from the Salt Lake Legal Aid Society. (Generally, one cannot qualify for legal aid unless one is indigent.) Thus, the expense to Maryann of defending her custodial rights in Nevada would have imposed a serious inconvenience on her. Furthermore, transferring this case to Nevada would frustrate one of the stated goals of the Act, that of deterring the unilateral removal of children from one jurisdiction to another. *See* Metcalf v. Turner, 546, N.Y.S.2d 466, 468 (S.Ct.App.Div. 1989).

The Oregon Court of Appeals also addressed an analogous situation in State Ex Rel State of Pa. v. Stork, 641 P.2d 660 (Or.Ct.App. 1982). In *Stork,* the wife was personally served in Pennsylvania with the husband's petition for dissolution, which required her appearance in Oregon. She did not appear, and the trial court awarded custody of the children to the husband. *Id.* at 662. On the wife's motion to vacate the custody award, the court

in *Stork* held that under the Act (ORS 109.730) the trial court must first ascertain if it has jurisdiction, then determine if it will exercise jurisdiction, and if it decides to do so, consider what is in the best interests of the children. *Id.* at 663. *Stork* concluded that the "absence of the required jurisdictional pleading, combined with the failure of the dissolution court to address the jurisdictional question, deprived that court of jurisdiction to award custody of the children to the husband." The court held that the custody portion of the dissolution decree was therefore void and ordered that the mother's motion to vacate it should be granted. *Id.* at 664.

Here, the court, as in *Stork,* incorrectly awarded custody as an incident of a default decree without having subject matter jurisdiction. Moreover, like in *Stork,* the custody portion of the dissolution decree should be void and Maryann's motion should be granted because the Nevada district court lacked subject matter jurisdiction.

■■■■■■■

Furthermore, Maryann did not waive the subject matter jurisdiction requirement by declining to take action to protect her custodial rights when she was served to appear in the court. Additionally, Maryann is not precluded from raising the issue of subject matter jurisdiction on appeal because she failed to appear in court.

A court's lack of subject matter jurisdiction can be raised for the first time on appeal. *See* Biscoe v. Biscoe, 443 N.W.2d 221, 223-224 (Minn.App. 1989) (quoting Qualley v. Commissioner of Public Safety, 349 N.W.2d 305, 309 (Minn.Ct.App. 1984)). Moreover, in Gomez v. Gomez, 446 N.Y.S. 127, 129 (S.Ct. App.Div. 1982), the court stated that subject matter jurisdiction is not waivable. Additionally, courts from other jurisdictions have acknowledged that the threshold requirements under the Act concern subject matter jurisdiction. Furthermore, these courts suggested that subject matter jurisdiction can be raised by the parties at any time, or sua sponte by a court of review, and cannot be conferred by the parties. *See Biscoe,* 443 N.W.2d at 224; Campbell v. Campbell, 388 N.E.2d 607, 608 (Ind.App. 1979); Smith v. Superior Court of San Mateo County, 68 Cal.App.3d 457, 461 (1977). Accordingly, Maryann did not waive her rights with regard to subject matter jurisdiction.

This court takes the Uniform Child Custody Jurisdiction Act very seriously. Accordingly, the lower courts are expected to comply strictly with the Act's provisions and purposes. Here, the lower court's acceptance of jurisdiction was not authorized by the Act. Thus, the lower court's decision is reversed.