DEBRA JO PARKINSON, Appellant, *v.* MICHAEL RICHARD PARKINSON, Respondent.

No. 19629

August 21, 1990          796 P.2d 229

*Leslie Mark Stovall,* Las Vegas, for Appellant.

*Jimmerson & Davis* and *Radford J. Smith,* Las Vegas, for Respondent.

# OPINION

*Per Curiam:*

This is an appeal from an order of the district court denying appellant's motion to reduce child support arrearages to judgment. The district court's ruling was based upon a finding that appellant impliedly waived her right to child support. For the reasons expressed below, we affirm.

## FACTS

Appellant Debra Jo Parkinson (Debra) and Respondent Michael Richard Parkinson (Michael) were married in Las Vegas on January 11, 1978. On March 13, 1978, Michael adopted Gary, Debra's son from a previous marriage. The couple had no other children. Debra and Michael were divorced by decree entered May 18, 1982, in Clark County, Nevada. The decree provided for joint legal custody of Gary. Debra was awarded physical custody of Gary and Michael was awarded reasonable visitation rights. In addition, Michael was ordered to pay Debra $200.00 per month in child support until Gary reached the age of majority or was otherwise emancipated.

In January 1983, Michael ceased making the required child support payments. On May 23, 1988, approximately five years and four months after Michael ceased making the payments, and approximately two weeks after Gary's eighteenth birthday, Debra filed the instant motion to reduce 64 months of child support arrearages to judgment in the amount of $12,800 plus interest. In his opposition to that motion, Michael alternatively asserted that Debra had impliedly agreed to modify the support agreement, had impliedly waived her right to child support, or was estopped from asserting her right to the support.

Following a hearing, the district court found that Debra had impliedly waived her right to the child support and thus denied her motion to reduce the arrearages to judgment. This appeal ensued.

## DISCUSSION

This court has previously held that entry of judgment for support arrearages under NRS 125.180 is a matter within the district court's discretion. *See, e.g.,* Libro v. Walls, 103 Nev. 540, 541-2, 746 P.2d 632, 633 (1987); Reed v. Reed, 88 Nev.

329, 331, 497 P.2d 896, 897 (1972). In *Libro,* we further held that a showing of extrinsic fraud provides a sufficient basis for granting equitable relief from an order imposing child support obligations. *Libro,* 103 Nev. at 543, 746 P.2d at 634. We have also recognized that parties to a divorce decree may, by express or implied agreement, modify the terms of a support agreement. Hildahl v. Hildahl, 95 Nev. 657, 662, 601 P.2d 58, 61 (1979). Consistent with these decisions, we now align ourselves with the majority of jurisdictions and hold that additional equitable defenses such as estoppel or waiver may be asserted by the obligor in a proceeding to enforce or modify an order for child support or, as here, to reduce child support arrearages to judgment.[1] *See, e.g.,* Kissinger v. Kissinger, 692 P.2d 71 (Okla. Ct.App. 1984); Kaminski v. Kaminski, 87 Cal.Rptr. 453 (Cal. Ct.App. 1970). *Contra, e.g.,* Napoleon v. Napoleon, 585 P.2d 1270 (Haw. 1978).

To establish a valid waiver, the party asserting the defense must show that there has been an intentional relinquishment of a known right. Mahban v. MGM Grand Hotels, 100 Nev. 593, 596, 691 P.2d 421, 423 (1984). Furthermore, the defense may not be applied to preclude recovery of a child support obligation if the waiver was the result of fraud or duress, or if its application will be injurious to the child. *See, e.g.,* Albins v. Elovitz, 791 P.2d 366, 369 (Ariz.Ct.App. 1990). While a waiver may be the subject of express agreement, it may also "be implied from conduct which evidences an intention to waive a right, or by conduct which is inconsistent with any other intention than to waive a right." *Mahban,* 100 Nev. at 596, 691 P.2d at 423-4. In such circumstances, whether there has been a waiver is a question for the trier of fact. *Id.*

In the instant case, the district court judge found an implied waiver of Debra's right to child support. The record contains sufficient evidence to support that conclusion. Despite repeated contact with Michael for several years subsequent to the time the payments ceased, Debra acknowledged that she never made any

---

[1]Our ruling today is consistent with our decision in Perri v. Gubler, 105 Nev. 687, 782 P.2d 1312 (1989). In *Perri,* we refused to set aside a waiver of child support based on the waiver claimant's lack of candor in disclosing his financial position, but the opinion fails to express the matter in these terms. Insofar as *Perri* may be read to hold that a custodial parent must show "changed circumstances" (*Perri,* 105 Nev. at 688, 782 P.2d at 1313) in order to receive his or her formula entitlement under NRS 125B.070(2), we abjure such a conclusion in light of the clear statutory right to have child support modified in accordance with the statutory formula irrespective of changed circumstances. NRS 125B.080(1)(b) and 125B.080(3).

demand upon Michael, nor did she pursue her legal right to the funds during the approximate five and one-half years which transpired between the time Michael ceased making payments and the instant motion was filed. In addition, Michael averred that during telephone conversations between August 1982 and January 1983, Debra told him Gary did not want to see Michael, that she would not allow any such visitation, and that Michael should "stay away."

Michael's version of events was corroborated by the affidavit of Sandra Ford, the real estate agent who represented both parties during the 1982 sale of their former residence. Ford averred that during this period of time, Debra had stated it would be better for all concerned if Michael would stay away from Debra and Gary. Ford further averred that during a conversation three years later relating to proceeds due Debra under a second deed of trust on the same residence, Debra instructed Ford not to give Michael her new address, told Ford that she and Gary were better off without Michael, and that she "did not want to hear from [Michael] in any way, shape, or form." Based upon this evidence and the parties' conduct, it is clear that a mutually acceptable arrangement was attained; Michael discontinued his efforts to involve himself in Gary's life, either through visitation or providing financial support, and Debra accepted that arrangement without objection.

Since Gary is now an adult, there is no evidence that he will be injured by this decision. Finally, the record in this case contains no indication that Debra's waiver of child support was procured by either fraud or duress.

Accordingly, we hold that the evidence adduced in the district court, taken as a whole, justified a finding that Debra impliedly waived her right to receive child support from Michael. Thus, the district court did not abuse its discretion in denying Debra's motion to reduce the arrearages to judgment. The district court's judgment is therefore affirmed.