OPINION

Per Curiam:

In this appeal, we are asked to decide whether a custodial parent’s waiver of child support payments bars a state agency from obtaining reimbursement for public assistance paid as child support.
Respondent and Betty Riley were married on March 24, 1973, in the State of Montana. The couple have two children: Maria, born July 24, 1972, and Francisco, born March 4, 1976. In 1978, the couple moved to Idaho. Soon after the move, respondent returned home from work to discover Riley had left, taking the furniture and children. Respondent learned from relatives in Montana that Riley had returned to that state, but was never able to locate Riley or his children. On March 26, 1979, Riley obtained a divorce decree in Montana requiring respondent to pay $150.00 per month in child support. Riley never collected any child support from respondent, but began receiving public assistance from the State of Montana in July of 1979. Riley received public assistance for over ten years, until August of 1989, during which time neither Riley nor the State of Montana ever contacted respondent. After the divorce, respondent moved to Nevada.
In 1993, respondent was served with an order for payment of support and arrearages, and appeared before the Domestic Master on or about October 14, 1993. The master found that respondent *1215 was in arrears to the State of Montana for the sum of $22,921.00 through September 30, 1993. Respondent was further found in contempt and sentenced to 600 hours in the Washoe County Jail, with 360 hours suspended upon respondent’s completion of 240 hours and 100 hours of community service. Respondent appealed the order to the district court, contending that respondent had been unable to contact Riley or his children for over thirteen years, and had been unaware of any duty to pay child support until the State of Montana initially attached his wages in 1990. Respondent contended that he had been unable to read or write English until recently, that he did not believe that he had ever been served with a support order, and that Riley had never contacted him or requested that child support be paid. Respondent contended that under Parkinson v. Parkinson, 106 Nev. 481, 796 P.2d 229 (1990), Riley had waived her right to collect child support by concealing the children and failing to contact or demand payment from respondent for fourteen years, precluding Riley and the State of Montana’s enforcement of the past child support allegedly owed. Following a hearing, the district court vacated the order and dismissed the action with prejudice on September 21, 1994. The district court concluded that Riley had intentionally waived her right to collect child support by concealing the location of the children from respondent, and that the waiver also applied to appellant’s right to collect child support from respondent. This appeal followed.

DISCUSSION

Appellant contends that the waiver by Riley does not limit appellant’s right to reimbursement for public assistance paid as child support for respondent’s children. Appellant further contends that public policy supports an agency’s right to reimbursement for taxpayer funds paid as child support, regardless of the independent actions taken by the child’s parents. We disagree.
NRS 130.100 reads in pertinent part:
Remedies of state or political subdivision furnishing support. Whenever the state, or a political subdivision thereof, furnishes support to an individual obligee, it has the same right to initiate a proceeding pursuant to this chapter as the individual obligee for the purpose of securing reimbursement for support furnished, obtaining continuing support or requesting new or additional support orders.
Under the plain language of the statute, appellant stands in Riley’s shoes, and had no greater right to reimbursement of child support than she does. The parties do not dispute that Riley waived her right to collect back child support from respondent. *1216 Accordingly, we conclude that the district court did not err in finding that appellant also could not collect back child support from respondent.
We decline to follow those jurisdictions that have held that a state’s right to reimbursement in a RURESA action is not barred by an obligee parent’s inability to recover child support payments. See, e.g., County of San Diego v. Green, 810 P.2d 622 (Ariz. Ct. App. 1991); State ex rel. State of Alaska, Child Support Enforcement Div. ex rel. Lacey v. Hargrove, 747 P.2d 366 (Or. Ct. App. 1987). Instead, we find the reasoning of In re Marriage of Olga E., 34 Cal. Rptr. 2d 165, 167 (Cal. App. 1 Dist. 1994), persuasive. In that case, the California Court of Appeals held that state agencies could not recover back child support payments after the mother intentionally concealed the location of the child from the father, stating:
[I]t simply makes no sense that a county assignee could have greater rights than its assignor and be free of an estoppel binding the assignor. We agree with In re Marriage of Smith, supra, 209 Cal. App. 3d 196, 203-204, 257 Cal. Rptr. 47, which concludes that because an assignee stands in the shoes of the assignor and succeeds to the assignor’s rights subject to any defenses then available against the assignor, a county assignee of child support payments is subject to an estoppel defense against the assignor as to preassignment arrearages. “In short, assignment of a sow’s ear to the county cannot transform it into a silk purse. If the evidence shows that [the assignor custodial parent] is estopped from receiving or has waived her rights to child support accrued prior to her assignment to the county, that waiver or estoppel would also bar the county.”
Id. at 169 (quoting In re Marriage of Smith, 209 Cal. App. 3d 196, 204, 257 Cal. Rptr. 47 (1989)).
Having concluded that appellant’s contentions lack merit, we affirm the district court’s order dismissing appellant’s complaint with prejudice.