# IN THE SUPREME COURT OF THE STATE OF NEVADA

ALBERT D. MASSI,
Appellant,
vs.
DONALD NOBIS; AND MARY NOBIS,
Respondents.

No. 66001

FILED

FEB 2 6 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a post-judgment district court order denying a motion to enforce the parties' settlement agreement. Eighth Judicial District Court, Clark County; Jerome T. Tao, Judge.

Prior to trial, appellant Albert Massi and respondents Donald and Mary Nobis engaged in settlement discussions. The proposed settlement agreement recommended that the Nobises tender three property interests to Massi, including an interest in a property known as Buffalo/215. Massi's attorney prepared a settlement agreement stating that the Nobises had a cost basis of $500,000 in the Buffalo/215 property. The Nobises did not sign the document.

At a pretrial hearing, the parties informed the district court that a settlement had been reached. Massi's counsel then read his version of the settlement agreement to the court, which provided for a $500,000 cost basis for the Buffalo/215 property. Massi also informed the court that he had the warranty deed for the Buffalo/215 property with a value declaration of $500,000. The Nobises' counsel later recited their version of the settlement agreement to the court, omitting any references to the cost

basis. After Massi's counsel indicated that the Nobises' counsel's recitation of the settlement agreement was acceptable, the district court accepted that agreement pursuant to Eighth Judicial District Court Rule (EDCR) 7.50.[1]

It was later determined that the Nobises' basis in the property was actually only $250,000. Massi moved to enforce the settlement agreement to give full value to him, arguing that the Nobises misrepresented the cost basis for Buffalo/215. The district court denied the motion, finding that the agreement placed on the record and agreed to by the parties did not incorporate as a material term the $500,000 cost basis.

---

[1]Eighth Judicial District Court Rule 7.50 provides that

> [n]o agreement or stipulation between the parties or their attorneys will be effective unless the same shall, by consent, be entered in the minutes in the form of an order, or unless the same is in writing subscribed by the party against whom the same shall be alleged, or by the party's attorney.

Massi argues on appeal that the district court erred in denying his motion to enforce the settlement agreement because the alleged $500,000 cost basis was a material term of the settlement agreement.[2] We disagree.[3]

"Because a settlement agreement is a contract, its construction and enforcement are governed by principles of contract law . . . [, which] require . . . an offer and acceptance, meeting of the minds, and consideration." *May v. Anderson*, 121 Nev. 668, 672, 119 P.3d 1254, 1257 (2005). "In the case of a settlement agreement, a court cannot compel compliance when material terms remain uncertain." *Id.* Moreover, "[a] district court can grant a party's motion to enforce a

---

[2]Massi further alleges that the Nobises defrauded him by misrepresenting the cost basis. However, this issue was not properly before the district court and is not properly before us. If Massi had filed a complaint against the Nobises for fraud, the district court would consider the evidence and then decide whether to award damages; however, this is not the process used "on a mere motion to enforce a settlement agreement." *Resnick v. Valente*, 97 Nev. 615, 617, 637 P.2d 1205, 1206 (1981) ("[T]o allow motions [to enforce settlement agreements] to lead to judgment would result in trial by affidavit; and to enter judgment in summary proceedings on such a motion is" prohibited).

[3]The Nobises argue that the district court did not have jurisdiction over Massi's post-judgment motion. Although this argument was not raised in the district court, "[a] court's lack of subject matter jurisdiction can be raised for the first time on appeal." *Swan v. Swan*, 106 Nev. 464, 469, 796 P.2d 221, 224 (1990). We conclude that the district court had jurisdiction pursuant to Eighth Judicial District Court Rule 7.50 to determine the materials terms of the agreement entered on the record. *See Grisham v. Grisham*, 128 Nev., Adv. Op. 60, 289 P.3d 230, 233 (2012) ("An agreement to settle pending litigation can be enforced by motion in the case being settled.").

settlement agreement . . . if the agreement is either reduced to a signed writing or entered in the court minutes in the form of an order, . . . so long as the settlement agreement's material terms are certain." *The Power Co. v. Henry*, 130 Nev., Adv. Op. 21, 321 P.3d 858, 863 (2014) (citations omitted). This court defers to the district court's findings of the existence of a contract unless the findings are clearly erroneous or not based on substantial evidence. *James Hardie Gypsum (Nev.) Inc. v. Inquipco*, 112 Nev. 1397, 1401, 929 P.2d 903, 906 (1996), *disapproved of on other grounds by Sandy Valley Assocs. v. Sky Ranch Estates Owners Ass'n*, 117 Nev. 948, 955 n.6, 35 P.3d 964, 968 n.6 (2001). Finally, this court reviews contract interpretation de novo. *May*, 121 Nev. at 672, 119 P.3d at 1257.

During the pretrial hearing, the district court confirmed the material terms of the settlement agreement, and the agreed-upon version was entered in the court minutes pursuant to EDCR 7.50. Based on the record before us, we conclude that the district court's finding that the $500,000 cost basis for the Buffalo/215 property was not a material term of the contract was not clearly erroneous.

Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Saitta

_____, J.
Pickering

cc: Eighth Judicial District Court Dept. 20
Lansford W. Levitt, Settlement Judge
Albert D. Massi, Ltd.
Cap & Kudler
Hutchison & Steffen, LLC
Eighth Judicial District Court Clerk