Barclay, J.
Plaintiff brought an action against defendants, August 25, 1893, to recover upon certain notes and accounts for goods sold and delivered, amounting to a total of more than $3,400. The action was in usual form, accompanied with an attachment under which some property 'of defendants was seized on the same day.
The summons was served on defendants, September 11, 1893.
*388 The writs were returnable to the October term, 1893. At that time the defendants 'appeared, and moved the court to dismiss the cause on the ground that the plaintiff had omitted to comply with the conditions prescribed by the act of 1891, concerning foreign corporations. (Laws, 1891, p. 75.) The motion specified the particular- facts, showing the alleged omission. But it is not necessary to recite them at the moment.
The trial court sustained the motion and dismissed the cause. The plaintiff appealed after the usual formalities.
The motion, which formed the basis of the judgment on the circuit, was submitted on an agreed statement of facts. We need not quote it at length. The substance of it is that the plaintiff was a corporation, duly organized under the laws of Iowa, at all the dates mentioned in the case, and that it had not complied with the requirements of section 2 of the act of 1891, before beginning this action.
After the action was brought, the company did comply fully with said act in every particular, September 6, 1893, long before any motion, answer or plea was filed by defendants. On the date last mentioned the company received from the secretary of státe the certificate of authority to do business, described in the second section of the act.
On these facts the question is whether or not the omission of the company to meet those requirements, before action brought, totally defeats its right to maintain the action.
The terms of the statute thus brought under construction are found in the third section which provides that .all such corporations which shall neglect or fail to comply with the conditions of the law shall be subject to a fine of not less than $1,000 tobe recovered *389 before any court of competent jurisdiction; * * * “in addition to •which penalty, * * * no foreign •corporation, as above defined, which shall fail to •comply with this act, can maintain any suit or action, either legal or equitable, in any of the courts of this state, upon any demand, whether arising out of contract or tort.”
At the time the motion to dismiss was filed, plaintiff had fully met the demands of the law. But it did not meet them before beginning the action. That is •all there is in the objection to the proceeding as made by the motion to dismiss.
The statute does not, in express terms, forbid the bringing of an action by such a company. It declares that it can not “maintain” an action, not having complied with the law.
What was the paramount object of the enactment? Not to exclude such concerns from participation in the business done in Missouri; but to compel a compliance' with certain conditions by them. Those conditions were imposed with a view, probably, to place foreign and domestic companies on a footing of equality in the field of commerce.
The object of the law was rather to induce observance of those conditions than to deprive any foreign corporation of a right of action, or other property.
Keeping the general purpose of the law in view, what are we to understand by the word “maintain,” as used in the third section. As its structure suggests, it signifies, literally, “to hold by the hand;” hence (in ordinary use) “to uphold, to sustain, to keep up”. While in pleading it is defined to mean, “to support what has already been brought into existence.” Anderson’s Law Diet.
It is nothing new to the law that a party may maintain an action although at its outset a legal barrier *390 to it existed. This is illustrated by the law touching the defense of another action pending, which defense, though good when put of record, may be defeated by a dismissal of the prior action and a statement of that fact by way of reply to the answer containing that defense. Warder v. Henry (1893), 117 Mo. 530 (23 S. W. Rep. 776); 1 Encycl. Pl. and Pr. 755.
It is not necessary at this time to consider whether this statute should receive a broad or narrow construction at our hands,or whether it should be viewed as penal or remedial. It certainly must have a fair and reasonable reading, and should not be enlarged beyond its natural meaning to accomplish the forfeiture of a' right of action.
No corporation, having failed to obey this law, can maintain an action. The corollary is that, when it has complied, it may maintain the action. The prohibitory command does not reach the right to begin the action. We should not broaden the language to destroy that right. There is a well defined distinction between beginning and maintaining an action,. viewed with reference to the facts of the controversy now before .us
We are bound to assume that the word “maintain” was chosen to express the exact shade of meaning intended by the lawmakers. It does not, with its present context, seem to us to include also the word “begin.” Philpott v. Jones (1834), 2 Ad. & El. 41.
We are of opinion that the learned trial judge was in error in sustaining the motion to dismiss, under the terms of the law, without entering into any of the constitutional questions as to its validity. The judgment is reversed and the cause remanded for further proceedings.
Brace, O. J., and Macearlane and Robinson, JJ., concur.