[Nos. 2047 and 2063]

## TRUCKEE RIVER GENERAL ELECTRIC COMPANY (a Corporation), Appellant, *v*. F. E. DURHAM, Respondent.

[149 Pac. 61]

1. Eminent Domain—Assessment of Damages by Jury—Statutes.

In condemnation proceedings to assess the damages for a right of way taken by a power company, the complaint and answer contained names of commissioners to assess compensation and damages, as provided by Stats. 1907, c. 128, the act governing at the time. Rev. Laws, secs. 5606–5629, relating to the subject of eminent domain, enacted after institution of the proceedings, provided in section 5624 that the provisions of the Revised Laws relative to civil actions should constitute the rules of practice in proceedings under said chapter. Section 5199 provided that an issue of fact should be tried by a jury, unless a jury trial was waived, and section 5818 provided that the repeal of a law by the act should not affect any action or proceeding commenced in a civil case before the repeal took effect, but the proceedings in such case shall, as far as practicable, conform to the provisions of the Revised Laws. *Held*, that the action of the trial court in calling a jury was justified; since the general rule against the retrospective construction of a statute does not apply to statutes relating only to remedies.

2. Eminent Domain—Assessment of Damages by Jury—Statute —Constitutionality.

The legislature may delegate to a jury the power to fix compensation and damages in condemnation proceedings; the constitution being silent as to the method of determining such matters.

3. Eminent Domain—Assessment of Damages by Jury—Statute —Repeal.

Where condemnation proceedings were instituted when Stats. 1907, c. 128, regulated the subject, and provided that compensation and damages should be assessed by commissioners, the

assessment of damages in such proceedings by a jury was permissible after the enactment of Rev. Laws, secs. 5606–5629, which regulated the subject of eminent domain, and expressly repealed the former act; since the general rule that a special statute enacted for a special purpose, when complete in itself, is not repealed, modified, or amended by a subsequent general statute, has no application where the later general statute expressly repeals the former act.

4. Eminent Domain—Assessment of Damages by Jury—Waiver of Right—Statute.

Under Rev. Laws, sec. 5226, providing that trial by jury may be waived by failure to demand the same at or before the time for trial, where condemnation proceedings were set for hearing on defendant's motion, and he did not demand a jury, and the case was continued until the order setting it for hearing was vacated, application being thereafter made by plaintiff for an order appointing commissioners to fix damages, at which time defendant requested that a jury be called to determine compensation, whereupon the court entered an order that a jury be called, its action was proper, since, when the order vacating the setting of the case for trial was entered, the case was left in the status in which it was before set for trial, and defendant's right to a jury was revived.

5. Trial—Right to Open and Close—Condemnation Proceedings.

The party who has the burden of proof is universally allowed to open and close, and such burden, in condemnation proceedings to assess damages, was upon the defendant; moreover, under Rev. Laws, sec. 5210, providing that, unless the judge for special reasons otherwise directs, the plaintiff must commence and may conclude the argument, the matter was within the discretion of the court, and, in the absence of showing of abuse, its ruling permitting the defendant to open and close should not be disturbed.

6. Eminent Domain—Assessment of Leasehold Interest—Statute.

Under Rev. Laws, sec. 5616, providing that the tribunal entertaining condemnation proceedings must ascertain and assess the value of each and every separate interest in the realty, where there was a leasehold interest in defendant's ranch, a right of way over which plaintiff was seeking to condemn, it was unnecessary for the jury to assess such interest where the plaintiff had purchased the interest from the lessee.

7. Eminent Domain — Condemnation Proceedings — Taking of Easement—Instruction.

In condemnation proceedings to take a right of way for an electric power line, an instruction that the property sought to be taken was an easement was proper where the prayer of the complaint designated the right sought to be acquired as an easement, and statute defined it as such.

Points decided

8. Appeal and Error—Reservation of Grounds of Review—Objection to Evidence—Sufficiency.

An objection to testimony as to value of land "that the witness is not qualified to show that he is entitled to give his opinion as to the market value of this ranch" was insufficient to raise on appeal the objection that he must first state the facts on which he based his opinion.

9. Eminent Domain—Condemnation Proceedings—Damage—Evidence.

In condemnation proceedings for an electric power line, where the evidence of defendant's witnesses as to damages was shown by cross-examination to have been based upon the erroneous assumption that the plaintiff would have the right to fence the right of way sought to be condemned, and to do with it as it pleased, such evidence was insufficient as a basis to fix damages.

10. Eminent Domain — Condemnation Proceedings — Evidence — Offer for Property.

In condemnation proceedings, testimony of a mere offer for the land was inadmissible on issue of damage; since such testimony can be easily fabricated.

11. Eminent Domain—Condemnation Proceedings—Instruction.

In condemnation proceedings for a right of way for electric power line, an instruction alluding to the "severance" of the land sought to be condemned from that not sought to be condemned was improper, as conveying to the jury the erroneous idea that the right of way could be fenced, and the defendant deprived of its use.

12. Eminent Domain—Estoppel to Appeal—Payment of Judgment into Court.

In condemnation proceedings, where the jury assessed the compensation for the land taken at $11, and the damages at $600, plaintiff paying the $11 into court, such payment of such part of the judgment did not estop it to appeal from the assessment of damages.

13. Eminent Domain—Condemnation Proceedings—Costs.

In condemnation proceedings, where the defendant's demand of damages in his answer is so unreasonable as to justify a fair-minded plaintiff in litigating the question, the court should not grant defendant's request for judgment for costs accruing after the filing of the answer.

APPEAL from Second Judicial District Court, Washoe County; *John S. Orr*, Judge.

Condemnation proceedings by the Truckee River General Electric Company against F. E. Durham. From a judgment assessing defendant's damages in the sum of $600, plaintiff appeals. **Reversed,** and new trial granted,

and the trial court directed to vacate an order as to costs appealed from.

*Cheney, Downer, Price & Hawkins,* for Appellant:

The proceeding should have been continued under the act of 1907, p. 279, under which it was commenced, without a jury. (*Shelan County* v. *Navarre,* 80 Pac. 845; Lewis on Eminent Domain, 2d ed. vol. 1, 26, 27.)

Even if the further proceedings should have been under Rev. Laws, 1912, defendant waived his right to have a jury ascertain and assess the matters and things provided by Rev. Laws, sec. 5616. (Rev. Laws, sec. 5226; *Shelan County* v. *Navarre, supra.*)

A general constitutional provision guaranteeing the right of trial by jury does not apply to condemnation proceedings. (*Portmeuf Irr. Co.* v. *Budge,* 100 Pac. 1046; *Tegeler* v. *Schneider,* 114 Pac. 288.)

Each and every separate estate or interest, and the value of each and every separate estate or interest, must, under the statute, be ascertained and separately assessed. The court refused to permit the jury to perform its duty under the statute. The statute must be followed in this respect. (*D. & G. Co.* v. *Stark,* 26 Pac. 779; *Pueblo & A. V. R. Co.* v. *Rudd,* 5 Colo. 270; Rev. Laws, sec. 5222; Lewis on Eminent Domain, 2d ed. vol. 2, 2483; 15 Cyc. 790.)

Three elements of compensation enter into the proceedings: (1) for the land and property rights acquired, (2) benefit to the property not taken, (3) damage to the property not taken. The three elements must be ascertained and determined. Evidence as to benefit was offered and admitted in the proceeding; there was no attempt by defendant to show by any evidence whatever that there were no benefits to be ascertained and assessed. The testimony as to benefit was not contradicted. The court erred in permitting the defendant and his witnesses to testify, over the objection of plaintiff, that such witnesses had not shown sufficient or any qualifications to entitle them to give an opinion as to the value or damage. (Lewis on Eminent Domain, 2d ed. vol. 2, secs. 436, 437;

*Lee* v. *Clute*, 10 Nev. 149; *San Diego L. & T. Co.* v. *Neale*, 25 Pac. 977; *Butsch* v. *Smith*, 90 Pac. 61; *Friday* v. *Penn. R. Co.*, 54 Atl. 339; *Kay* v. *Glade Creek R. Co.*, 35 S. E. 973; *Cincinnati G. T. Co.* v. *Wilson*, 73 S. E. 306; *Cranford Paving Co.* v. *Baun*, 24 S. E. 906; *Westford E. & P. Co.* v. *Read*, 94 N.Y. Supp. 551; *Tel. Co.* v. *Katkamp*, 103 Ill. 420.)

That the verdict is excessive, we cite *Postal Tel. Co.* v. *Peyton*, 52 S. E. 803, 3 L. R. A. n. s. 333, and note; *Ill. Tel. News. Co.* v. *Neine*, 90 N. E. 230; *St. L. & C. R. Co.* v. *Postal Tel. Co.*, 51 N. E. 382; *Oregon S. L. R. Co.* v. *Postal Tel. Co.*, 111 Fed. 842.

*Benjamin Curler* and *Summerfield & Richards*, for Respondent:

There is no distinction in cases of this kind between the securing of an easement and obtaining title to land under condemnation proceedings. (*Hymen* v. *Blake*, 19 Cal. 995; *Hollingsworth* v. *Des Moines R. R. Co*, 63 Iowa, 443; *Robbins* v. *St. Paul R. R. Co.*, 22 Minn. 286; *Bischoff* v. *N. Y. R. Co.*, 138 N. Y. 257; *Atchison R. Co.* v. *Davenport*, 65 Kan. 206; 15 Cyc. 646.)

The opinions of witnesses as to the amount of damages were admissible. (Jones on Evidence, sec. 388; *Tex. Ry. Co.* v. *Kirby*, 44 Ark. 103; *Spear* v. *Comm.*, 113 Ill. 632; *Snow* v. *Boston Ry. Co.*, 65 Me. 230; *Swan* v. *Middlesex*, 101 Mass. 173; *Dawson* v. *Pittsburg*, 159 Pa. St. 317.)

By the Court, COLEMAN, J.:

[1] This is a special proceeding, instituted in April, 1911, by the appellant, to condemn a right of way across respondent's ranch for a power line, pursuant to "An act to regulate the exercise of the right of eminent domain," being chapter 128, p. 279, Stats. 1907. As provided by the act mentioned, both the complaint and answer contain the names of commissioners proposed to be appointed to assess compensation and damages. After the pleadings were settled, and before trial, the eminent domain act as embodied in chapter 66 of the Revised Laws of 1912 went into effect.

The act of 1907 provided that the compensation and damages for the taking of property should be fixed by commissioners, while section 5624, Revised Laws, reads:

"Except as otherwise provided in this chapter [66 on Eminent Domain], the provisions of this act relative to civil actions, new trials, and appeals shall be applicable to and constitute the rules of practice in the proceedings in this chapter."

Section 5818, Revised Laws, provides:

"The repeal of a law by this act shall not affect any act done, ratified or confirmed, or any right accrued or established, or any action, suit or proceeding commenced or had in a civil case, before the repeal takes effect, but the proceedings in such case shall, as far as practicable, conform to the provisions of this act."

Section 5199, Revised Laws, provides:

"An issue of fact shall be tried by a jury, unless a jury trial is waived.  *   *   *"

There is no provision in chapter 66, relating to eminent domain, which provides rules of practice in the matter of assessing compensation and damages for property condemned; therefore the trial court was justified in calling a jury (*Wilmington Canal & Res. Co.* v. *Manuel Dominguez*, 50 Cal. 505), since the general rule against a retrospective construction of a statute does not apply to statutes relating merely to remedies and modes of procedure (36 Cyc. 1213.)

[2] There can be no question but that the legislature may delegate to a jury the power of fixing the compensation and damages, since the constitution of the state is silent as to the method of determining these matters. (*V. & T. R. R. Co.* v. *Elliott,* 5 Nev. 358; *State* v. *Rapp,* 39 Minn. 65, 38 N.W. 926; Lewis on Eminent Domain, 3d ed. secs. 374, 510.)

[3] It is contended by appellant: (1) That, since these proceedings were commenced when the act of 1907 was in force, the question of compensation and damages must be determined by commissioners, as in that act provided; and (2) that, if respondent was entitled to a jury, he waived the right by his conduct.

The first contention is apparently based upon the ground that a special statute enacted for a special purpose (as was the act of 1907), when complete in itself, is not repealed, modified, or amended by a subsequent general statute. (36 Cyc. 108.) We do not think the general rule is applicable to the case at bar, because of the fact that the act of 1907 is expressly repealed by chapter 66 of the Revised Laws, and an entirely new law on the subject is enacted.

[4] As the second contention, section 5226, Revised Laws, provides, *inter alia*, that:

"Trial by jury may be waived by the several parties * * * in the manner following: 1. By failing to demand the same at or before the time the cause is set for trial."

The record shows that on January 27, 1912, the court set the proceedings for hearing, on motion of defendant, for February 7, 1912, and that defendant did not demand a jury. Had the case been tried on that date, it is clear that defendant would be held to have waived his right to a jury trial for having failed to demand one on January 27, the time the case was set. (24 Cyc. 163.) The trial of the case was continued from time to time until March 7, on which day the order setting the case was vacated, counsel for both sides being in court. Thereafter application was made by plaintiff for an order appointing commissioners to fix the amount of compensation and damages, at which time defendant requested that a jury be called to determine the compensation, after which the court entered an order that a jury be called. We are of the opinion that when the order vacating the setting of the case for trial was entered, leaving the case in the status it was before it was ever set for trial, defendant's right to a jury was revived. (*Smith* v. *Redmond*, 141 Iowa, 105, 119 N. W. 271.)

[5] While error is assigned to the ruling of the court in allowing the defendant the opening and the closing of the proceedings, the matter is not argued, nor are authorities cited in support of the assignment. It is said, however, in appellant's brief, that:

"It is well settled, in eminent domain proceedings,

*   *   *   that the burden of the amount to be paid was upon the defendant."

Lewis on Eminent Domain (3d ed.), at section 645, says:

"On the trial of the question of damages, the right to open and close the case is in the owner of the land to be taken or damaged."

It may be said to be a universal practice in Nevada to allow the party who has the burden of the case to open and close, and there can be no doubt but that the burden was upon the respondent in these proceedings. But it seems to us that under our statute it was a matter of discretion in the court, and, if that discretion was not abused, the ruling of the court allowing respondent to open and close should not be disturbed. Section 5210, Revised Laws, provides, *inter alia*, that:

"When the jury has been sworn, the trial must proceed in the following order, unless the judge, for special reasons, otherwise directs: 1. * * * 2. The plaintiff and defendant shall then, each respectively, offer the evidence upon his part. 3. * * * 4. When the evidence is concluded, * * * the plaintiff must commence and may conclude the argument."

So it appears that, while the statute provides which party shall open and close, the court is clothed with authority to vary the order. We think the court was justified in allowing the defendant to open and close the case.

[6] It is urged that the court should have submitted to the jury a question in plaintiff's demand for special findings by the jury as to the estate held by one Stevenson, and the amount which he was entitled to receive. Since section 5616 of the Revised Laws provides that the tribunal hearing the matter must ascertain and assess the value of each and every separate interest in the realty, we are of the opinion that the jury should have been allowed to assess the leasehold interest of Stevenson, had it not been for the fact that plaintiff had purchased the right of way from Stevenson, so far as he had any. Stevenson had no right which was being invaded, and

therefore there was nothing to determine as to him. Plaintiff, having bought the right which he had, would be the party in interest, but it certainly could not get a judgment against itself. The court did not err in its ruling.

[7] Appellant complains of instruction No. 12, which informed the jury "that the property sought to be taken in this action by the plaintiff from the defendant is an easement," which, it contends, is an erroneous statement of the law under the pleadings. Plaintiff's complaint alleged that "it has become necessary that plaintiff should acquire, take, appropriate, and condemn to its own sole and exclusive use a right of way for the purposes aforesaid, * * * said right of way so required and sought to be acquired to be 25 feet in width on either side from and parallel with the center line thereof (line for transmission of power, light and heat) as surveyed and staked upon the ground." In the prayer of the complaint the right sought to be acquired is designated as an "easement," and the statute defines it as an easement. No prejudicial error was committed in giving the instruction.

[8] It is urged that the court erred in admitting the evidence of certain witnesses who testified as to the value of the lands of defendant. The following, appearing on page 323 of the record, is a sample of the objections made in the lower court:

"Mr. Hawkins—Object to the question on the ground that the witness is not qualified to show that he is entitled to give his opinion as to the market value of this ranch."

Appellant contends here that before a witness can be said to be qualified to give his opinion as to the value of the land he must first state the facts on which he bases his opinion. Suffice it to say that the objection made in the lower court was too general to justify this court in considering this assignment of error. To lay the basis for its presentation to this court, the vice now complained of should have been pointed out specifically in the court below. (*State* v. *Clark*, 36 Nev. 485, 135 Pac. 1083.)

[9] Defendant called several witnesses by whom he

sought to establish his damages. After they had given their opinion on direct examination as to the damages, each of them stated on cross-examination that he based his estimate as to the damages upon the assumption that plaintiff would have the right to fence the 50-foot right of way and do with it as it pleased, while, in fact, its use of the right of way would be limited to the mainte-nance of its transmission line. Defendant testified, in fixing the damages:

"I arrive at it from the damage it would be to the place to take that much out of the center of it [the ranch]."

That the testimony as to the damages was based upon an erroneous conception of the facts is clear, and conse-quently valueless as a basis to fix the damages. And it is evident that in fixing the damages at $600 the jury entirely disregarded the testimony of the witnesses for plaintiff, one of whom testified that the transmission line would be a benefit to the ranch, and none of whom fixed the damages at over $80.

"Testifying to amounts of damages where there is no basis of damages is of no value as evidence." (*Telegraph Co.* v. *Katkamp*, 103 Ill. 420; *St. Louis & C. R. Co.* v. *Postal Tel. Co.*, 173 Ill. 508, 51 N. E. 390.)

[10] Appellant complains of the ruling of the court in permitting the defendant to give testimony of an offer which he had received for his ranch as a basis for the assessing of damages. Speaking of the testimony of an offer for land as fixing a basis for a valuation, the Supreme Court of Kansas said:

"We can find no case, nor can we recall any principle, that would permit the proof of an offer for property as tending to show the value. It is a kind of proof that is so easily manufactured that its admission would be too dangerous to be tolerated. For the error in admitting this testimony the case must be reversed, and a new trial awarded." (*St. Joseph R. Co.* v. *Orr*, 8 Kan. 419, page 283 of replication.)

To the same effect, see *City of Santa Ana* v. *Harlin*, 99 Cal. 538–544, 34 Pac. 224; Lewis on Eminent Domain (3d ed.), sec. 666; *Keller* v. *Paine*, 34 Hun (N. Y.) 177.

Since such testimony can be so easily manufactured, and since it·is so easy to show the value of property by testimony of unquestionable character, every reason exists why testimony of an offer for property should not be received.

[11] It is urged that the court erred in certain of the instructions given. We think that subdivision "b" in instruction No. 1 may have been misleading to the jury, in that it alludes to the "severance" of the land sought to be condemned from that not sought to be condemned. It may have given the jury the idea that the right of way could be fenced by the plaintiff, and the defendant deprived of the use of it, which is not the case.

The jury rendered a verdict for defendant for the land actually taken by plaintiff for the placing of its poles in the sum of $11, and fixed defendant's damages at $600, and judgment was rendered accordingly. Appellant paid the $11 into court, and appeals from that portion of judgment assessing the damages at $600, for the reason that it is excessive, as well as for reasons heretofore considered. Since the case must be reversed, we need not consider the assignment as to the judgment being excessive, as the evidence may differ somewhat at another trial from what it was at the last one.

[12] Respondent contends that appellant is estopped from appealing, since it paid that portion of the judgment fixing the value of the land taken for poles. Cases are appealed and reversed for the correction of errors. If appellant does not contend that the lower court committed error in rendering judgment for $11, and there being no cross-error assigned by respondent, that question is out of the case, and appellant should not be precluded from appealing from a ruling which is erroneous merely because both parties admit that another ruling is right. This identical question was before this court in *Lake* v. *Bender,* 18 Nev. 361, 4 Pac. 711, 7 Pac. 74, where respondent's theory was repudiated, and we think properly. See, also, *San Diego L. & T. Co.* v. *Neale,* 78 Cal. 63, 20 Pac. 372, 3 L. R. A. 83; *In Re Everts's Estate,* 163 Cal. 449, 125 Pac. 1058.

[13] Appellant complains of the order of the court

in assessing all of the costs of the proceedings to it. It is our opinion that in assessing costs in these proceedings the court should take into consideration the reasonableness of the valuation placed upon the land by the defendant in his answer and the amount of damages claimed. If the demand is so unreasonable as to justify a fair-minded person in litigating the question, small consideration should be paid to his request for judgment for the costs which accrued after the filing of the answer in the case. Since the case must be tried anew, we will make no order as to costs.

Case No. 2063 is an appeal from an order as to costs made after final judgment. In view of the fact that case No. 2047 must be reversed, it necessarily follows that the order from which this appeal is taken must also be set aside.

In case No. 2047 it is ordered that the judgment be reversed, and that a new trial be granted, and in No. 2063 the trial court is directed to vacate the order appealed from.

NORCROSS, C. J.: I concur.

[McCARRAN, J., having been at one time an attorney for one of the parties, did not participate in the consideration of the case.]