CONVENTION PROPERTIES AND NELL J. REDFIELD TRUST, APPELLANTS, *v.* WASHOE COUNTY ASSESSOR, WASHOE COUNTY TREASURER, COUNTY OF WASHOE AND NEVADA TAX COMMISSION, RESPONDENTS.

No. 20629

June 28, 1990                                    793 P.2d 1332

---

[2]THE HONORABLE ROBERT E. ROSE, Justice, voluntarily recused himself from participation in the decision of this appeal.

*Stephen Conrad Mollath,* Reno, for Appellants.

*Brian McKay,* Attorney General, *Kateri M. Cavin,* Deputy Attorney General, Carson City; *Mills Lane,* District Attorney, *Chester H. Adams,* Deputy District Attorney, Washoe County, for Respondents.

## OPINION

*Per Curiam:*

Prior to 1987, appellants' property in Reno was assessed based on an agricultural use tax deferment. Subsequently, the Washoe County Assessor determined that, pursuant to amendments of NRS 361A.031, the property had been converted to a higher use because of appellants' actions towards selling the property for commercial and residential development. Accordingly, the assessor applied a higher tax rate and also sought payment of deferred taxes as required by statute. The total amount due was over $529,000.00. Following appeals to the county and state boards of

equalization, appellants sought injunctive relief, mandamus, and declaratory relief from the district court, all of which were denied. The district court concluded that the assessor had properly declared that, as of July 1, 1988, the property had been converted to a higher use by virtue of the recordation and existence of a parcel map which created parcels not for agricultural use. The district court affirmed the conclusion that appellants' property had been converted to a higher use and was no longer eligible for an agricultural tax deferment.

This appeal turns on the meaning of the words "converted to a higher use" in NRS 361A.031.[1] The assessor claims that certain properties are converted from agricultural use to a higher use by virtue of the existence and recordation of a parcel map which creates "parcels not intended for agricultural use." In 1987, a parcel map which created a non-agricultural use, namely various residential and commercial uses, was approved and accepted by the City of Reno. Moreover, in 1987, appellants applied for and were granted changes in the master plan, tentative map, and zoning. Consequently, we affirm the district court's decision that a conversion took place under NRS 361A.031.

Appellants contend that because actions taken by them relative to development of the property occurred before the 1988 amendment of NRS 361A.031, the statute cannot be applied "retroactively" to determine that the property had been converted to a higher use. There is a general presumption in favor of prospective application of statutes unless the legislature clearly manifests its intent to do otherwise. Boyes v. Valley Bank, 101 Nev. 287, 291, 701 P.2d 1008, 1011 (1985); Montesano v. Donrey Media Group, 99 Nev. 644, 650 n.5, 668 P.2d 1081, 1085 n.5 (1983), cert. denied, 466 U.S. 959 (1984). As the court below noted, the assessor based the assessment on the property "as the property

---

[1]NRS 361A.031, as amended effective July 1, 1988, provides as follows:
    361A.031 "Converted to a higher use" defined. "Converted to a higher use" means:
    1. A physical alteration of the surface of the property enabling it to be used for a higher use;
    2. The recording of a final map or parcel map, as those terms are defined in NRS 278.010, which creates one or more parcels not intended for agricultural use;
    3. The existence of a final map or parcel map, as those terms are defined in NRS 278.010, which creates one or more parcels not intended for agricultural use; or
    4. A change in zoning to a higher use made at the request of the owner.

existed on July 1, 1988," the effective date of NRS 361A.031. Merely because a tax statute operates on facts which were in existence before its enactment does not render the statute retroactive. Westfield-Palos Verdes Co. v. City of Rancho Palos Verdes, 73 Cal.App.3d 486, 493-96 (Ct.App. 1977). Changes in the computation of taxes are "one of the usual hazards" of business. *Id.* at 494.

Moreover, the purpose of the amendment of NRS 361A.031 was to close a loophole in the law which allowed developers to take steps toward development yet reap the tax benefits of agricultural use. *See* Minutes of the Nevada State Legislature, Senate and Assembly Committees on Taxation, Assembly Bill No. 290, April 7 and May 21, 1987, respectively. The interpretation and application of the statute in this case were consistent with the intent of the legislature. Accordingly, the district court did not err in concluding that the statute applied prospectively.

Appellants make much of the fact that approval of their map was conditional, not final. However, the statute simply requires that a final map or parcel map be recorded or exist. *See* NRS 361A.031(2) and (3). Clearly, a parcel map existed in this case. The map itself is contained in the record, and includes a notation that it has been "approved and accepted by the parcel map committee of the City of Reno, Washoe County, Nevada, this 9th day of October, 1987. Conditional approval of this map was granted by the parcel map committee on the 22nd day of September, 1987."[2]

In addition, on March 4, 1987, the city approved, at appellants' request, amendments to the master plan by ordinance and changes in zoning and the tentative map subject to certain conditions. Thus, "[a] change in zoning to a higher use made at the

---

[2]The parties exhibit some confusion about the expression "parcels not intended for agricultural use." The parties seem to believe that the conversion occurs whenever the property owner *intends* to use the property for non-agricultural use. This is a strained interpretation which would unreasonably require inquiry into the subjective intentions of property owners and would put an impossible burden on the taxing authority. Use of the passive voice in the expression "not intended for agricultural use" might lead some readers to think that the legislature was addressing the subjective intentions of landowners, but the sensible reading of the term is merely "non-agricultural use." Subparagraph 2 would then read:

The recording of a final map or parcel map, as those terms are defined in NRS 278.010, which creates one or more parcels *for non-agricultural use.*

Therefore, property is converted to a higher use upon the existence or recordation of a final map or parcel map which creates a non-agricultural use.

request of the owner" has taken place. NRS 361A.031(4). The statute does not require that the zone change be final; it is therefore immaterial that zoning approval was conditional. Moreover, appellants' own brochure claims that the master site plan and zoning were approved by the City of Reno. It makes no mention of the fact that the zoning is conditional. Therefore, the district court did not err in determining that the developers' actions fall within the definition of "converted to a higher use" as set forth in NRS 361A.031.

We are not unmindful that this interpretation of NRS 361A.031 may work a hardship on landowners as that statute affects the application of NRS 361A.280. However, the application of NRS 361A.280 to appellants' land is not at issue on this appeal.

Accordingly, the judgment of the district court is affirmed.