JAMES A. "KIM" McKELLAR, APPELLANT, *v.* BARBARA RAND McKELLAR, N/K/A BARBARA RAND METZLER, RESPONDENT.

No. 23785

March 30, 1994                                    871 P.2d 296

*Foley & Jones* and *Daniel Foley,* Las Vegas, for Appellant.

*Jimmerson, Davis & Santoro,* Las Vegas, for Respondent.

---

## OPINION

*Per Curiam:*

This appeal raises two issues. The first is whether respondent waived her right to collect child support arrearages. The second is whether the amendment to NRS 125B.050, enacted July 1, 1987, may be retroactively applied.

Appellant James A. "Kim" McKellar ("McKellar") and respondent Barbara Rand Metzler ("Metzler") were divorced on August 27, 1974. McKellar was ordered to pay $300 per month in child support for the parties' only child, Erin. McKellar was also ordered to pay medical and educational expenses. In July 1977, McKellar ceased making child support payments and on May 8, 1991, almost 14 years later, Metzler filed an action to collect arrearages from McKellar dating back to 1977.

Hearings were held before a Domestic Relations Referee. The Referee found that Metzler did not waive her right to collect arrearages and awarded her child support arrearages with pre-judgment and post-judgment interest, medical and schooling expenses with post-judgment interest and attorney's fees. McKellar filed Objections to the Referee's Report and Recommendation and in April 1992, the district court upheld the Referee's decision. The district court awarded Metzler $122,521.71.

McKellar first claims that Metzler waived her right to collect child support payments. This court has held that equitable defenses such as estoppel or waiver may be asserted by the obligor in a proceeding to reduce child support arrearages to judgment. Parkinson v. Parkinson, 106 Nev. 481, 483, 796 P.2d 229, 231 (1990). To establish a valid waiver, the party asserting the defense must show that there has been an intentional relinquishment of a known right. *Id.* Additionally, while a waiver may be the subject of express agreement, it may also be implied from conduct which evidences an intention to waive a right, or by conduct which is inconsistent with any other intention than to waive a right. *Id.* Whether there has been a waiver is a question for the trier of fact. *Id.*

In the case at bar, there was no express agreement between the parties that Metzler waived her right to collect child support payments. Therefore, the question is whether the district court erred in finding that there was no implied waiver. The record contains ample evidence to support the district court's conclusion that Metzler's conduct neither demonstrated an intent to waive her right to collect child support payments nor was it inconsistent with any other intention than to waive that right. Although Metzler waited almost 14 years before initiating an action to collect arrearages, this fact is not dispositive of whether an implied waiver occurred. While the amount of time elapsed is certainly one factor in determining whether there exists an implied waiver, it is not the only factor. During the years Erin went without the benefit of child support payments, Metzler consistently requested that McKellar make the payments required by the divorce decree. In fact, in 1983, Metzler contacted McKellar and offered to forgive McKellar's past and future child support obligations provided that McKellar would consent to the adoption of Erin by Metzler's new husband. McKellar refused. In light of these facts, we hold that Metzler did not intentionally relinquish her right to collect child support arrearages from McKellar.

McKellar next contends that even if Metzler did not waive her right to collect payments, the district court erred in reducing to judgment arrearages dating back to July 1977. He claims that the amendment to NRS 125B.050 (effective July 1, 1987), which eliminated the statue of limitations in actions to collect child support arrearages, does not apply retroactively.[1] Therefore, McKellar asserts, the general six-year statute of limitations should control in this case to bar recovery of arrearages accrued more than six years prior to the initiation of this action. *See* NRS 11.190. We agree.

There is a general presumption in favor of prospective application of statutes unless the legislature clearly manifests a contrary intent or unless the intent of the legislature cannot otherwise be satisfied. *See* Convention Properties v. Washoe Co. Assessor, 106 Nev. 400, 402, 793 P.2d 1332, 1333 (1990); Holloway v. Barrett, 87 Nev. 385, 390, 487 P.2d 501, 504 (1971). It cannot be said that the legislature clearly manifested an intent that the amendment to NRS 125B.050 apply retroactively. Indeed, the legislature appears to have considered and rejected retroactive application. An earlier draft of NRS 125B.050 included a subsection reading, "(4) This section applies retroactively to all orders." Nevada Assembly Committee on Judiciary, Minutes of April 21, 1987, at 1956. This subsection was subsequently deleted. While the legislature's elimination of a provision is not conclusive on the issue of legislative intent, it is instructive. *See* Crespin v. Kizer, 276 Cal.Rptr. 571, 580 (Ct.App. 1990); State v. Barnard, 612 P.2d 1073, 1075 (Ariz.Ct.App. 1980).

Nor can we conclude that retroactive application is necessary to satisfy the legislature's intent. In amending NRS 125B.050, the legislature intended to eliminate the statute of limitations for actions to collect child support payments, beginning on the effective date of the amendment. Prospective application advances the legislature's intent, despite the resulting preclusion of recovery for time-barred claims. We therefore hold that the amendment to NRS 125B.050 does not apply retroactively and that NRS 11.190

---

[1]The July 1, 1987 amendment added the following provision to NRS 125B.050 (formerly NRS 126.263):

> 3. If a court has issued an order for the support of a child, there is no limitation on the time in which an action may be commenced to:
> (a) Collect arrearages in the amount of that support; or
> (b) Seek reimbursement of money paid as public assistance for that child.

1987 Nev. Stat., ch. 808, § 41 at 2252.

applies to preclude recovery for any of Metzler's claims which were time-barred at the commencement of her action.

Accordingly, we affirm the district court's finding that Metzler did not waive her right to collect child support arrearages, and reverse the district court's retroactive application of NRS 125B.050. We remand this case to the district court for a determination of the amount of child support arrearages owed Metzler.