LOUIS MADERA and DORIS MADERA Appellants, v. STATE INDUSTRIAL INSURANCE SYSTEM, Respondent.

No. 28763

ANGELO DIMARIO, Appellant, v. STATE INDUSTRIAL INSURANCE SYSTEM; LARRY PRESTON, Individually and in His Official Capacity, JEANNE AYOUB, Individually and in Her Official Capacity, and KAREN NELSON, Individually and in Her Official Capacity, Respondents.

No. 28782

JIM FORRESTER and SHIRLEY FORRESTER, Appellants, v. THE STATE OF NEVADA, STATE INDUSTRIAL INSURANCE SYSTEM OF NEVADA, an Agency of the State of Nevada, JEAN WALKER, ALLIE GILBERT, JR., LAURA SHERWOOD, BEVERLY DECKER, IRENE CARTER, JAMES J. KROPID, CRAIG GROSSMAN, NANCY JENNINGS, JACKIE REDDAWAY, and CAROLYN KELLOGG, Respondents.

No. 28815

April 2, 1998                              956 P.2d 117

*Clark & Hunt,* Las Vegas, for Appellants Madera.

*Leslie Mark Stovall,* Las Vegas, for Appellant Dimario.

*Needham & Needham,* Las Vegas; *Broening, Oberg, Woods, Wilson & Cass,* Las Vegas, for Appellants Forrester.

*Lenard Ormsby,* General Counsel, *D. Michael Clasen,* Associate General Counsel and *Mary Lynn Newman,* Associate General Counsel, Carson City, for Respondents SIIS, Preston, Ayoub, and Nelson.

*Laxalt & Nomura,* Reno, for Respondents SIIS, Walker, Gilbert, Sherwood, Decker, Carter, Kropid, Grossman, Jennings, Reddaway and Kellogg.

## OPINION[1]

*Per Curiam:*

These consolidated appeals concern actions alleging "bad-faith" administration of workers' compensation claims. All of the matters were initiated prior to the effective date of NRS 616D.030, which prohibits the commencement or maintenance of such actions.

The district courts concluded that NRS 616D.030 mandated dismissal of the claims even though they were filed before the statute went into effect. The issue on appeal is whether this statute bars actions commenced, but not yet reduced to judgment, as of its effective date. We conclude that it does and, accordingly, affirm the judgments below.

### STATEMENT OF FACTS

*Dimario v. SIIS*

Angelo Dimario (Dimario) was injured in the course of his employment. The State Industrial Insurance System (SIIS) delayed approval of recommended surgery because a second doctor advised against the procedure. Dimario claims that the delay in approval aggravated his condition causing additional permanent injuries. He brought suit for general damages against SIIS and three of its administrators. On March 14, 1996, SIIS filed a motion to dismiss pursuant to NRS 616D.030. The motion was granted.

*Forrester v. SIIS*

Jim Forrester (Forrester) and his wife brought suit against SIIS and numerous SIIS employees for injuries he allegedly sustained as a result of the bad faith, negligence, and breach of contract in the processing of his SIIS claim. SIIS moved for summary judgment in the district court. The motion was granted.[2]

---

[1] We hereby vacate our prior opinion issued in this matter on February 26, 1998, and substitute this opinion in its place.

[2] It should be noted that Forrester was convicted and imprisoned on felony charges in connection with an attack on SIIS offices in Las Vegas. In this assault, ostensibly in reaction to the handling of his claim, a heavily armed Forrester drove his vehicle through the lobby of the facility, caused many thousands of dollars in property losses, and endangered the lives of numerous bystanders.

*Madera v. SIIS*

Louis Madera (Madera) was injured at work on four occasions between 1988 and 1990. Although SIIS awarded him compensation, Madera and his wife filed suit against SIIS alleging negligence, loss of consortium, and bad faith administration of his claims. A motion to dismiss pursuant to NRS 616D.030 was granted.

## DISCUSSION

*Standard of review*

In reviewing motions to dismiss, this court considers whether the challenged pleading sets forth allegations sufficient to establish the elements of a right to relief. Pemberton v. Farmers Ins. Exchange, 109 Nev. 789, 722, 858 P.2d 380, 381 (1993). In making its determination, this court is " 'bound to accept all the factual allegations in the complaint as true.' " *Id.* at 792, 858 P.2d at 381 (quoting Maroz v. Summa Corporation, 106 Nev. 737, 739, 801 P.2d 1346, 1347 (1990)).

"Orders granting summary judgment are reviewed de novo." Bulbman, Inc. v. Nevada Bell, 108 Nev. 105, 110, 825 P.2d 588, 591 (1992). Summary judgment should be granted where there is no issue of material fact and the moving party is entitled to judgment as a matter of law. Bird v. Casa Royale West, 97 Nev. 67, 69-70, 624 P.2d 17, 18 (1981).

## I. *Whether NRS 616D.030 applies retroactively*

In 1995, the Nevada Legislature made significant changes to the state's workers' compensation laws. One of those changes is embodied in NRS 616D.030, a measure which took effect while the cases on appeal were pending at the district court level. NRS 616D.030 provides:

> 1. No cause of action may be brought or maintained against an insurer or third party administrator who violates any provision of [Nevada's industrial insurance statutes].
> 2. The administrative fines provided for in NRS 616B.318 and 616D.120 are the exclusive remedies for any violation of this chapter or chapter 616A, 616B, 616C or 617 of NRS committed by an insurer or a third party administrator.

NRS 616D.030 was enacted in response to our ruling in Falline v. GNLV Corp., 107 Nev. 1004, 823 P.2d 888 (1991). In *Falline,*

we recognized limited tort actions against workers' compensation insurers for bad faith and negligence in the processing of workers' compensation claims. This was based on our conclusion that the then existing statutory fines were insufficient to compensate injured workers and their families. Although noting decisions of other courts to the contrary, we held that, "[i]f the Legislature sees fit to declare the statutory scheme of fines an exclusive remedy to aggrieved workmen whose claims are denied or delayed as a result of negligence or bad faith, the Legislature may enact legislation to that end." *Id.* at 1011, 823 P.2d at 893. With the enactment of NRS 616D.030, the legislature accepted this court's invitation to limit the potential liability of workers' compensation insurers by narrowing the remedies available to an aggrieved party.

Appellants, having commenced their actions prior to its effective date, argue that NRS 616D.030 does not apply because it is not, by its terms, retroactive. We disagree.

"Review in this court from a district court's interpretation of a statute is de novo." State, Dep't of Mtr. Vehicles v. Frangul, 110 Nev. 46, 48, 867 P.2d 397, 398 (1994). It is well-settled that:

> "Where the language of a statute is plain and unambiguous and its meaning clear and unmistakable, there is no room for construction, and the courts are not permitted to search for its meaning beyond the statute itself."

Erwin v. State of Nevada, 111 Nev. 1535, 1538-39, 908 P.2d 1367, 1369 (1995) (quoting Charlie Brown Constr. Co. v. Boulder City, 106 Nev. 497, 503, 797 P.2d 946, 949 (1990)).

However, where language is ambiguous, a court should consult other sources such as legislative history, legislative intent, and analogous statutory provisions. *See* Moody v. Manny's Auto Repair, 110 Nev. 320, 871 P.2d 935 (1994).

As a general matter, statutes are presumptively prospective. *See* McKellar v. McKellar, 110 Nev. 200, 203, 871 P.2d 296, 298 (1994) (holding that "[t]here is a general presumption in favor of prospective application of statutes unless the legislature clearly manifests a contrary intent or unless the intent of the legislature cannot otherwise be satisfied"). It is also well settled that the presumption of prospective application applies only to vested rights or to penalties. The presumption does not obtain when the new statute affects only remedies. *See* T. R. G. E. Co. v. Durham, 38 Nev. 311, 316, 149 P. 61, 62 (1915), in which we

held that "the general rule against retrospective construction of a statute does not apply to statutes relating merely to remedies and modes of procedure"; and Friel v. Cessna Aircraft Co., 751 F.2d 1037, 1039 (9th Cir. 1985) ("when a statute is addressed to remedies or procedures and does not otherwise alter substantive rights, it will be applied to pending cases"). Nevada's approach mirrors the general rule.

Here, NRS 616D.030 is limited in its effect to remedies available against a third-party administrator or insurer, i.e., it supplants the common-law tort remedy under *Falline*, leaving in its place the administrative remedy. *See also*, Torre v. J.C. Penny Co., Inc., 916 F. Supp. 1029 (D. Nev. 1996) (federal court concluding in diversity action that the Nevada Supreme Court would apply NRS 616D.030 to pending cases). Because we conclude that NRS 616D.030 is restricted in its effect to remedies available and does not abridge vested rights, we hold that its proscriptions are not presumptively prospective in their application.

We further conclude that application to pending matters is consistent with the clear intent of the legislature. *See* Convention Properties v. Washoe Co. Assessor, 106 Nev. 400, 402, 793 P.2d 1332, 1333 (1990) (general presumption in favor of prospective application in absence of legislative intent clearly manifested to the contrary). Because NRS 616D.030, effective July 1, 1995, provides that an action against an insurer for violation of the industrial insurance statutes may not be "brought" or "maintained," we conclude that the legislature intended application to actions filed but not resolved, prior to the effective date of the statute.

"Maintain" is defined as follows:

> To "maintain" an action is to uphold, continue on foot, and keep from collapse a suit already begun, or to prosecute a suit with effect. George Moore Ice Cream Co. v. Rose, Ga., 289 U.S. 373, 53 S.Ct. 620, 77 L.Ed. 1265. To maintain an action or suit may mean to commence or institute it; the term imports the existence of a cause of action. Maintain, however, is applied to actions already brought, but not yet reduced to judgment. Smallwood v. Gallardo, 275 U.S. 56, 48 S.Ct. 23, 72 L.Ed. 152.

Black's Law Dictionary 859 (5th ed. 1979).

Nevada law is in accord with the dictionary definition of "maintain." In National Mines Co. v. District Court, 34 Nev. 67, 116 P. 996 (1911), this court interpreted the phrase "institute and maintain" as it was used in a legislative act. "Maintain" was defined as follows:

The word "maintain," as used frequently in statutes in reference to actions, comprehends the institution as well as the support of the action, and the statutes of this state contain many instances where it is used in this broader sense. It is used in other instances to express a meaning corresponding to its more restricted and more proper definition, as in the cases of *Carson-Rand v. Stern,* 129 Mo. 381, 31 S.W. 772, 32 L.R.A. 420, and *Cal. Savings Co. v. Harris,* 111 Cal. 133, 43 Pac. 525, cited in petitioner's brief, where it was construed not to comprehend the institution of an action, but merely the support thereof. In section 1 [of the statute] the two words are used together, "institute and maintain"; and hence both are used in their restricted sense.

*Id.* at 77-78, 116 P. at 1000.

We conclude that the use of "brought and maintained" in NRS 616D.030 parallels the use of "institute and maintain" as used in the statute in *National Mines.* Accordingly, we hold that the language of the statute is a manifestation of the legislature's intent that NRS 616D.030 should have retroactive effect.[3]

II. *Whether Dimario's 42 U.S.C. § 1983 cause of action was properly dismissed*

Appellant Dimario separately argues that the allegations in his complaint stated a valid claim under 42 U.S.C. § 1983.

A civil rights claim under 42 U.S.C. § 1983 must meet federal standards even if brought in state court. *See* Will v. Michigan Department of State Police, 491 U.S. 58, 66 (1989). In Buckey v. County of Los Angeles, 968 F.2d 791 (9th Cir. 1992), an action against government entities was dismissed for failure to state a claim. On appeal, the Ninth Circuit affirmed, concluding that a complaint containing only bare allegations describing the plaintiff's misfortunes and the persons she believed caused them was vague and conclusory under section 1983. *Id.* Also, in Northern Nev. Ass'n Injured Workers v. SIIS, 107 Nev. 108, 807 P.2d 728 (1991), this court held that, unless a complaint against an agency

---

[3]This matter is analogous to Nevada Industrial Commission v. Reese, 93 Nev. 115, 560 P.2d 1352 (1977). In *Reese,* we noted that the 1967 amendments regarding judicial review under the Nevada Industrial Insurance Act specifically provided that the amendments were not to apply to pending cases: "[T]he 1967 amendatory act stated, in section 13: 'The provisions of this act do not apply to contested cases pending on July 1, 1967.'" *Id.* at 123, 560 P.2d at 1356. Therefore, in the absence of any language to the contrary, the use of the word "maintained" in NRS 616D.030 is an unmistakable indication that the legislature intended retroactive application.

and its employees alleges actions taken outside their official capacities, it will fail to state a claim under federal law. *Id.* at 114, 807 P.2d at 732.

In his complaint, Dimario alleges that the individual SIIS employees "acted in a manner that completely transcended their authority as claims examiners with SIIS." He contends these employees deprived him "of his Federal Constitutional Rights." Dimario fails to state which federal rights he believes have been violated and the specific manner in which they were violated. He also fails to point to actions engaged in by the SIIS employees outside of their official capacities. We conclude that Dimario's § 1983 cause of action was properly dismissed because he failed to make sufficient allegations upon which a § 1983 claim can be based.

Accordingly, we affirm the district courts in these matters.

SPRINGER, C. J., dissenting:

As stated in the majority opinion, the issue here is whether the enactment of NRS 616D.030 "bars actions commenced, but not yet reduced to judgment." All three of these actions were in the process of litigation, and all three are now barred by what has been incorrectly interpreted as retrospective legislation. In my view, the statute does not require that all of these actions must be thrown out of court; and if it did, it would be a violation of due process to frustrate these ongoing law suits.

During oral argument I posed the hypothetical case of one of the appellant/plaintiff's having obtained a large jury verdict against one or more of the named respondents. I asked counsel what his position would be if an agreed-upon, written judgment on the verdict had been presented to the judge for signature a few minutes after the time that the governor approved NRS 616D.030. For example, if it were discovered by defense counsel that the legislation became effective at 10:00 a.m., by virtue of the governor's approval, and that the judgment was not signed until 10:30 a.m., would the plaintiff's claim, as the majority puts it, be *barred* because it had "not yet [been] reduced to judgment as of its effective date"? The question calls attention to the injustice and unfairness of dismissing an ongoing law suit. The whole idea of throwing a plaintiff's pending case out of court by virtue of the enactment of legislation enacted *after* the suit was in progress is repugnant to me and I think to most readers of this opinion. As I will show, NRS 616D.030 does not require such unseemly action to be taken by the district court.

NRS 616D.030 directs that "[n]o cause of action may be brought or maintained." Black's Law Dictionary defines "maintained" as "commenced and continued." Black's Law Dictionary 859 (5th ed. 1979). Now, of course, there is a big difference

between commencing and continuing; but "commenced" is certainly a usual and legitimate reading of the word "maintained," so that "brought or maintained" can be safely and logically read as meaning "brought or commenced." It is hard for me to understand why, given the majority's recognition that as "a general matter, statutes are presumptively prospective," the majority would ignore the meaning of "maintained" as meaning "commenced" and interpret the statute in a manner that would require dismissal of litigation in progress. To me, it is more reasonable to read "brought or maintained" to mean the bringing or commencing of litigation rather than to mean that all ongoing litigation is to be frustrated as of the effective date of the statute. "Brought or maintained" is merely a redundancy; and the legislature's use of the word "maintained" (although it can also mean "continued") was not intended by the legislature to mean the cutting off of all litigation pending at the time of enactment. This would be a very strained reading of the language and certainly contrary to the presumption of prospectivity recognized by the majority.

I do not think it is appropriate for me to discuss the constitutional dimensions of this case because the majority opinion fails to do so. To the contention that these claimants are being denied a protectable property right, all the majority has to say is that the statute is "limited in its effect to *remedies*" and not to substantial rights. (My emphasis.) It would be difficult indeed to persuade the hypothetical plaintiff mentioned above that losing a substantial jury verdict by a stroke of the governor's pen was merely a procedural or remedial matter and not a depravation of a constitutionally protected property right. I dissent.