OPINION
 

 Per Curiam:
 

 This is an appeal from a district court order denying admission of a will to probate on the basis that the will was not attested by at least two competent witnesses as required by NRS 133.040.
 
 *683
 
 The issue in this appeal is whether the signature of a notary public may constitute the signature of an attesting witness to a will. We conclude that the signature of the notary in this case may constitute the signature of a witness under NRS 133.040, if the notary signed the self-proving affidavit in the presence of the testator. We therefore reverse the order of the district court. Because it is not clear from the record whether the notary signed in the presence of the testator, we remand this matter to the district court for a factual determination on this issue, and for further proceedings.
 

 FACTS
 

 This case involves the last will and testament of Margaret M. Friedman, who died on May 9, 1998. Friedman executed the will on October 18, 1995, in the presence of Bobbie Mickens, Sr., a witness, and Claudette J. Moore, a notary public. Friedman’s signature is contained on page four of the will. Beneath Friedman’s signature is the signature of Mickens. By his signature, Mickens attested that he witnessed Friedman sign the will and declare it to be her last will and testament, and that he signed the will in the presence of Friedman. Moore did not sign this page of the will.
 

 Attached to the will as page five is a self-proving affidavit executed by Mickens on the same day, which states:
 

 Then and there personally appeared the within-named Bobbie Mickens Sr. who, being duly sworn, depose[s] and say[s]: That he witnessed the execution of the within Will of the within named Testator, Margaret M. Friedman; that the Testator subscribed the Will and declared the same to be her last Will and testament in his presence; that he thereafter subscribed the same as witness in the presence of the Testator and at the request of the Testator; that the Testator at the time of execution of the Will appeared to him to be of full age and of sound mind and memory, and that he make[s] this affidavit at the request of the Testator.
 

 Mickens signed this affidavit, in his capacity as a witness, and Moore notarized Mickens’ signature. Thus, Moore signed her name on the self-proving affidavit in her capacity as a notary.
 

 Frank Silver, who was named as the executor of Friedman’s estate, filed a petition for probate of the will, appointment of an executor, and for letters testamentary in the district court. Silver submitted to the district court a sworn affidavit from Moore prepared during the probate proceedings, averring that she was personally present when Friedman signed the will, and that she notarized Mickens’ signature on the self-proving affidavit. Moore further averred:
 

 
 *684
 
 I witnessed the execution of the Will of the within-named Testatrix, Margaret M. Friedman, that the Testatrix subscribed the Will and declared the same to be her last Will and testament in my presence and in the presence of the witness Bobbie Mickens, Sr. who thereafter subscribed the same as witness in the presence of the Testatrix and at the request of the Testatrix. I further affirm that at the time of execution of the Will Margaret M. Friedman appeared to me to be of full age and of sound mind and memory.
 

 The district court entered a written order denying admission of the will to probate on the basis that the will did not conform to the requirements of NRS 133.040. Silver appeals from the district court’s order.
 
 [1]
 

 DISCUSSION
 

 The district court may admit a will to probate if it conforms to the requirements of law. Specifically, NRS 136.150(1) provides that if no person contests the probate of a will, the court may admit the will to probate on the testimony of one of the subscribing witnesses, if such testimony shows that the will was executed in all particulars as required by law, and if the testator was of sound mind at the time of execution.
 

 The district court concluded that the signature of Moore, as a notary and not as a witness, was not sufficient to satisfy the requirements of NRS 133.040. NRS 133.040 requires that a will must be attested by at least two competent witnesses who subscribe their names to the will in the testator’s presence:
 

 No will executed in this state, except such nuncupative wills and such holographic wills as are mentioned in this chapter, shall be valid unless it be in writing and signed by the testator, or by some other person in his presence, and by his express direction, and attested by at least two competent witnesses, subscribing their names to the will in the presence of the testator.
 
 [2]
 

 The interpretation of a statute is a legal question subject to de novo review.
 
 See
 
 Madera v. SIIS, 114 Nev. 253, 257, 956 P.2d 117, 120 (1998). It is well established that words in a statute
 
 *685
 
 should be given their plain meaning unless this violates the spirit of the act.
 
 See
 
 County of Clark v. Doumani, 114 Nev. 46, 52, 952 P.2d 13, 16 (1998). When the language of a statute is plain and unambiguous, there is no room for construction, and the courts are not permitted to search for meaning beyond the statute itself.
 
 See id.
 

 It must be determined whether Moore’s signature on the self-proving affidavit in her capacity as a notary can constitute the signature of a witness attesting the will under NRS 133.040. This is an issue of first impression in Nevada.
 

 A review of other court decisions addressing this issue is instructive. Some courts have held that a notary who signs a will in his or her capacity as a notary could be considered a valid witness to the will, even if the intent was to sign only as a notary.
 
 See
 
 Matter of Estate of Zelikovitz, 923 P.2d 740 (Wyo. 1996); Matter of Estate of Martinez, 664 P.2d 1007 (N.M. Ct. App. 1983). In both
 
 Zelikovitz
 
 and
 
 Martinez,
 
 the notary observed the testator sign the will (or codicil in the case of
 
 Zelikovitz),
 
 the notary signed the will by notarizing the testator’s signature, and the notary was identified in the will as a notary.
 

 Other courts hold that a notary’s signature on a will may be deemed the signature of an attesting witness if the legal requirements of a valid attestation were satisfied by the notary’s signature.
 
 See
 
 In re Estate of Price, 871 P.2d 1079, 1083 (Wash. Ct. App. 1994). In the case of In re Estate of Alfaro, 703 N.E.2d 620, 627 (Ill. App. Ct. 1998), the court held that “a notary’s signature may be deemed the signature of an attesting witness so long as all of the legal requirements of a valid attestation were nonetheless complied with when the notary affixed his signature.’ ’ The court explained:
 

 [T]he question to be determined is- whether the notary was attesting merely to the genuineness of a signature or signatures and was therefore acting only in the capacity of a notary or whether the notary was attesting to all of the acts required by the statute that comprise the proper execution of the will and he was therefore acting as an attesting witness.
 

 Id.
 
 Only in the latter situation will the notary’s signature be held to be the signature of a valid attesting witness.
 
 See id.; see also
 
 Simpson v. Williamson, 611 So. 2d 544, 546 (Fla. Dist. Ct. App. 1992) (noting that a notary has been held to be a valid witness to the execution of a will where the notary could have served as a witness, under the circumstances, had he signed in that capacity).
 

 As set forth above, NRS 133.040 requires that a will (1) must
 
 *686
 
 be attested by at least two competent witnesses (2) subscribing their names to the will in the presence of the testator. In the case at bar, we recognize that Moore apparently intended to sign only in the capacity of a notary, and not in the capacity of a witness. Further, unlike the facts in
 
 Zelikovitz
 
 and
 
 Martinez,
 
 Moore notarized the witness’s signature rather than the testator’s signature. Nevertheless, we conclude that under the unique facts and circumstances of this case, Moore’s signature is sufficient to constitute the signature of an attesting witness under NRS 133.040, provided that Moore signed in the presence of Friedman.
 

 First, Moore’s actions constituted those of a witness attesting the will within the meaning of NRS 133.040. Moore had personal knowledge that Friedman signed the will, as Moore was present when Friedman signed the will and declared it to be her last will and testament.
 
 See
 
 Matter of Estate of Lindsay, 957 P.2d 818, 820 (Wash. Ct. App. 1998) (stating that a witness to a will is one who has personal knowledge that the testator signed the will);
 
 Price,
 
 871 P.2d at 1083 (providing that the witness’s attestation certifies that the testator’s signature was valid). Moore also signed a sworn affidavit during the probate proceedings averring that Friedman appeared to be of full age and sound mind at the time she executed the will.
 
 See generally
 
 NRS 133.050(2) (providing the form for a self-proving affidavit in which the attesting witness avers that the testator appeared to be of full age and of sound mind and memory at the time of execution of the will);
 
 see also
 
 In re Weber’s Estate, 387 P.2d 165, 169 (Kan. 1963) (recognizing that attesting witnesses to a will must be satisfied that the testator is of sound mind and capable of executing a will).
 

 Second, it appears that Moore may have subscribed her name to the will in Friedman’s presence within the meaning of NRS 133.040. It is not clear from the record that Moore signed her name in the presence of Friedman. Moore’s affidavit, prepared during the probate proceedings, does not expressly state that she signed while Friedman was present. In addition, the district court’s findings of fact do not explain the precise circumstances of Moore’s notarization. Provided, however, that Moore did sign in the presence of Friedman, Moore’s signature complies with the statutory requirement that a witness must subscribe his or her name in the presence of the testator.
 
 [3]
 
 Additionally, even though Moore’s signature is not contained on the fourth page of the will where Friedman signed, but rather on Mickens’ self-proving affidavit attached to the will on page five, we conclude that under the
 
 *687
 
 circumstances of this case, Moore’s signature on the affidavit may be considered a signature on the will itself.
 
 See
 
 NRS 133.050(1) (providing that attesting witnesses may sign self-proving affidavits to attach to the will); NRS 133.055 (stating that a signature on a self-proving affidavit attached to a will is considered a signature affixed to the will if necessary to prove the execution of the will).
 
 [4]
 

 We conclude that Moore’s signature was sufficient to meet the requirements of an attesting witness under NRS 133.040, provided that Moore signed the self-proving affidavit in Friedman’s presence.
 

 CONCLUSION
 

 For the reasons set forth above, we reverse the order of the district court, and we remand this matter to the district court for a factual determination on whether Moore signed the self-proving affidavit in the presence of Friedman, and for further proceedings consistent with this opinion.
 
 [5]
 

 [1]
 

 The district court found that none of the parties formally objected to admission of the will to probate, or requested that the estate be administered as an intestate estate. Consequently, there is no respondent on appeal, and this appeal was submitted for decision on the opening brief, appendix, and record before this court.
 

 [2]
 

 This is the version of NRS 133.040 in effect at the time relevant to this matter. NRS 133.040 was subsequently amended in 1999 to provide, in rele
 
 *685
 
 vant part, that the will be “attested by at least two competent witnesses who subscribe their names to the will in the presence of the testator.” 1999 Nev. Stat. ch. 467, § 73, at 2254. The amendment does not change our analysis.
 

 [3]
 

 If Moore did not sign in the presence of Friedman, however, then this statutory requirement was not met, and Moore’s signature may not constitute the signature of an attesting witness under NRS 133.040.
 

 [4]
 

 We recognize that the likely purpose of NRS 133.055 is to consider an attesting witness’s signature, as opposed to any signature, on a self-proving affidavit attached to the will to be a signature affixed to the will itself. In this case, however, if Moore’s signature constituted that of an attesting witness, then her signature on the self-proving affidavit may be considered a signature on the will itself.
 

 We note that NRS 133.055 was amended in 1999 to require also that the self-proving affidavit be executed at the same time as the will.
 
 See
 
 1999 Nev. Stat. ch. 467, § 76, at 2255.
 

 [5]
 

 The Honorable Myron E. Leavitt, Justice, voluntarily recused himself from participation in the decision of this appeal.